FRANCISCO FERNÁNDEZ SALGADO, demandante y recurrido, v. SECRETARIO DE HACIENDA, demandado y peticionario.

Número: CE-88-141          Resuelto: 21 de noviembre de 1988

*Norma Cotti Cruz, Subprocuradora General,* y *Carmen A. Bravo de Riefkohl, Procuradora General Auxiliar,* abogadas del peticionario; *Miguel Ongay Santiago,* abogado del recurrido.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

En *Colón Medina v. Srio. de Hacienda,* 109 D.P.R. 540, 544 (1980), resolvimos que las disposiciones de la hoy derogada Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de junio de 1960 (34 L.P.R.A. ant. secs. 1721 y 1722), aplicaban a todas las

confiscaciones llevadas a cabo por el Secretario de Hacienda de Puerto Rico bajo las disposiciones de la también hoy derogada Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, Ley Núm. 2 de 20 de enero de 1956 (13 L.P.R.A. ant. sec. 4001 *et seq.*).

La Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de julio de 1988 (34 L.P.R.A. sec. 1723 *et seq.*), y la Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987, Ley Núm. 5 de 8 de octubre de 1987 (13 L.P.R.A. sec. 7001 *et seq.*), contienen disposiciones similares a las contenidas en los preceptos derogados y que están aquí en controversia. Ratificamos la norma establecida en *Colón Medina v. Srio. de Hacienda*, ante, a la luz de las nuevas disposiciones.[1]

▪ Resolvemos, sin embargo, que la disposición específica de la hoy derogada Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones —así como la de la nueva Ley Uniforme de Confiscaciones de 1988— que permite que la persona afectada por la confiscación efectuada preste una fianza por el valor en que ha sido tasado el objeto confiscado, con el propósito de recobrar la posesión y el uso y disfrute del mismo, *no* es aplicable a las confiscaciones efectuadas al amparo de lo dispuesto en la mencionada Ley de

---

[1] La norma establecida en el citado caso de *Colón Medina v. Srio. de Hacienda*, 109 D.P.R. 540 (1980), la cual hoy reiteramos, no se afecta por el hecho de que la original Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de junio de 1960 (34 L.P.R.A. ant. secs. 1721 y 1722), fue derogada por la Ley Núm. 93 de 13 de julio de 1988, conocida por la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. sec. 1723 *et seq.*).

Tampoco se afecta la referida norma por el hecho de que la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, Ley Núm. 2 de 20 de enero de 1956 (13 L.P.R.A. ant. sec. 4001 *et seq.*), fuera suplantada por la Ley Núm. 5 de 8 de octubre de 1987, conocida como la Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987 (13 L.P.R.A. sec. 7001 *et seq.*).

*Las mencionadas dos nuevas leyes contienen disposiciones de ley similares a las aquí en controversia, por lo que la norma establecida en Colón Medina v. Srio. de Hacienda, ante, continúa en pleno vigor.*

Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, por razón de que se le haya "removido, alterado, desfigurado o destruido en forma alguna los números de serie del manufacturero o cualquier otro número de identificación" a un vehículo de motor.[2]

## I

El día 21 de julio de 1987 agentes de la División de Vehículos Hurtados de la Policía de Puerto Rico ocuparon un vehículo de motor marca Toyota, modelo 1981, tablilla Núm. AJT527, propiedad del demandante recurrido Francisco Fernández Salgado alegadamente por razón de que los números de serie e identificación de fábrica de dicho vehículo habían sido mutilados y/o sustituidos por otros.

Mediante carta de fecha 29 de julio de 1987, el Hon. Secretario de Hacienda de Puerto Rico le notificó al demandante recurrido Fernández Salgado que había procedido a confiscar el descrito vehículo en virtud de las disposiciones de la entonces vigente Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones y de lo dispuesto por el Art. 77(f)(6) de la hoy derogada Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, 13 L.P.R.A. ant. sec. 4077(f)(6). Informó el Secretario de Hacienda, en adición, que el mencionado vehículo había sido tasado en la suma de $1,500.

Fernández Salgado procedió a radicar, dentro del término especificado en ley, una demanda ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, el día 17 de agosto de 1987, mediante la cual impugnó la confiscación realizada por el demandado peticionario Secretario de Hacienda por el

---

[2] Art. 77(f)(6) de la derogada Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, 13 L.P.R.A. ant. sec. 4077(f)(6), el cual fue suplantado por la Sec. 8.001(7)(d) de la nueva Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987 (13 L.P.R.A. sec. 7351(7)(d)).

fundamento principal de que se había intervenido con él y "registrado el automóvil ocupado sin que mediara causa para ello, en abierta violación al [m]andato constitucional contenido en el Artículo 2, Sección 2 [sic] de la Constitución del Estado Libre Asociado de Puerto Rico", y por razón de que, habiéndose realizado la confiscación al amparo de la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, la misma era "nula e improcedente y no se ajusta[ba] a derecho por haber[se] pagado los correspondientes arbitrios exigidos por Hacienda". *Exhibit* I, pág. 1.

Conjuntamente con dicha demanda, y según lo dispuesto en el inciso (b) del Art. 2 de la mencionada Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, 34 L.P.R.A. ant. sec. 1722(b), la parte demandante recurrida radicó una moción sobre prestación de fianza, acompañando a la misma giros expedidos por una cooperativa de ahorro por valor de $1,500. Solicitó el demandante recurrido del tribunal de instancia que, luego que aprobara la referida garantía, le ordenara al Secretario de Hacienda la devolución del vehículo confiscado por éste. Con fecha de 26 de agosto de 1987, el tribunal de instancia emitió una resolución a esos efectos.

Emplazado con copia de la demanda y notificado que fuera de la resolución emitida por el tribunal de instancia, el Secretario de Hacienda radicó la contestación a la demanda. Cinco días más tarde radicó, en adición, una moción en la cual —luego de exponer que la confiscación efectuada en el caso se debía a que "el vehículo en sí es ilegal por tener números de serie mutilados, alterados, desfigurados y/o destru[i]dos" (*exhibit* VI, pág. 12)—(3) solicitó del tribunal de instancia que

---

(3) El Secretario de Hacienda, en adición, alegó que el vehículo confiscado constituye la mejor evidencia en el caso y que permitir que el demandante recurrido utilice libremente el mismo acarrea peligros tales como que la evidencia sea alterada por el demandante recurrido y/o terceras personas e, inclusive, que la misma desaparezca debido a venta o sustracción del vehículo.

. . . proh[í]ba a la parte demandante transitar por sí, o por medio de terceros, el vehículo objeto de la presente acción por las vías públicas de Puerto Rico, apercibiéndole que de desobedecer la presente ORDEN se expone a que la Policía de Puerto Rico pueda denunciarlo por violación al Artículo 93 de la Ley Núm. 2 de 20 de enero de 1956, según enmendada. A la vez la parte demandante deberá dejar el vehículo objeto de la presente acción permanentemente estacionado frente a su residencia y sin poder hacer transacción alguna del referido vehículo hasta tanto se dilucide el presente caso. En adición, deberá traer el vehículo consigo y tenerlo disponible para ser examinado por el Tribunal el día de la vista del caso. *Exhibit* VI, pág. 13.

Mediante resolución de fecha de 15 de enero de 1988, el tribunal de instancia denegó la solicitud del Secretario de Hacienda. Resolvió dicho foro que habiendo "el demandante recuperado el vehículo luego de que prestara la fianza, tiene derecho absoluto a utilizar el vehículo sin restricción alguna". *Exhibit* VII, pág. 14. Inconforme, el Secretario de Hacienda, representado por la Oficina del Procurador General de Puerto Rico, acudió ante este Tribunal mediante la radicación de un recurso de *certiorari.* En el mismo, como único señalamiento de error, le imputó al foro de instancia haber errado

. . . al declarar sin lugar la Moción Solicitando Orden, y al resolver que el demandante y recurrido tiene derecho a utilizar y disponer del vehículo sin restricción de clase alguna. Petición de *certiorari*, pág. 3.

El 7 de abril de 1988 expedimos el auto de *certiorari* solicitado. Atendido el hecho de que la controversia ante nuestra consideración era una estrictamente de derecho, consideramos procedente variar el trámite reglamentario y le concedimos a las partes un término simultáneo de treinta (30) días

para radicar sus respectivos alegatos.(4) Únicamente compareció el Procurador General de Puerto Rico.

Aun cuando no estamos totalmente de acuerdo con la posición asumida por el Procurador General en el recurso que radicara, procede dictar sentencia revocatoria de la resolución emitida por el tribunal de instancia. Veamos porqué.

## II

Antes de la aprobación de la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, existían varios estatutos que establecían distintos y diversos procedimientos de confiscación. A manera de ejemplo, podemos mencionar la Ley Núm. 6 de 30 de junio de 1936 (13 L.P.R.A. ant. sec. 1717), la cual proveía para la confiscación y disposición de vehículos que se utilizaran para cometer infracciones a la Ley de Espíritus y Bebidas Alcohólicas; la Ley Núm. 220 de 15 de mayo de 1948 (33 L.P.R.A. sec. 1251), que dispone para la confiscación de artefactos, vehículos, enseres e implementos utilizados en relación con los juegos prohibidos de la bolita, "bolipool" y loterías y bancas clandestinas; la Ley Núm. 17 de 19 de enero de 1951 (25 L.P.R.A. sec. 447), que provee para la confiscación de cualquier vehículo utilizado para transportar ilegalmente un arma prohibida; la Ley Núm. 2 de 20 de enero de 1956 (13 L.P.R.A. ant. sec. 4077(f)(5)), que facultaba al Secretario de Hacienda a confiscar y vender en pública subasta cualquier *vehículo que se dedicara a la transportación de mercancía sobre la cual no se hubieren pagado los impuestos correspondientes.*

---

(4) En dicha resolución se hizo constar que el Juez Asociado Señor Negrón García, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado suscribiente "le prohibirían, en auxilio de la jurisdicción del Tribunal, al recurrido Francisco Fernández Salgado, el uso en las vías públicas del país, a riesgo de ser denunciado, del vehículo objeto del presente recurso hasta tanto se resuelva el mismo. Igualmente prohibirían el traspaso de dicho vehículo por parte del recurrido". Resolución Núm. CE-88-141 de 7 de abril de 1988.

Ante esta situación "la Asamblea Legislativa optó por establecer un procedimiento uniforme para todos los casos de confiscación, irrespectivamente de la identidad de la agencia u funcionario que intervenga en la confiscación y del propósito o fin ilegal para el que se utilice el bien u objeto confiscado". *Srio. de Justicia v. Tribunal Superior*, 89 D.P.R. 574, 579 (1963). Esa fue la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones.

Luego de aprobada, en el año 1956, la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, el legislador en 1961 mediante ley al efecto le adicionó el inciso (6) al apartado (f) del Art. 77 de la mencionada Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico.[5] El mismo facultaba al Secretario de Hacienda para confiscar, vender en pública subasta o destruir:

(6) Cualquier *vehículo de motor*, aparato, equipo, maquinaria, o artefacto mecánico, eléctrico, o de gas fluido del cual se haya removido, alterado, desfigurado o destruido en forma alguna los números de serie del manufacturero o cualquier otro número de identificación. (Énfasis suplido.)[6] 13 L.P.R.A. ant. sec. 4077(f)(6).

Con posterioridad a la aprobación de la transcrita disposición legal surgió la interrogante de si las confiscaciones realizadas en virtud de dicha disposición legal, y las impugnaciones que con motivo de ellas se realizaran, se regían o no

---

[5] 13 L.P.R.A. ant. sec. 4077(f)(6).

[6] Como señaláramos en el escolio Núm. 1, la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico fue derogada por la Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987.

La Sec. 8.001(7)(d) de la nueva Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987, ante, contiene una disposición similar a la del Art. 77(f)(6) de la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, ante, pero es más abarcadora en cuanto a los bienes sujetos a confiscación, ya que faculta al Secretario de Hacienda para "[c]onfiscar y vender en pública subasta o destruir: (d) *Cualquier artículo de uso o consumo* del cual se haya removido, alterado, desfigurado o destruido en forma alguna el número de serie del manufacturero o cualquier otro número de identificación".

por el procedimiento que establecía la hoy derogada Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones. La duda surgía con motivo del hecho de que en el apartado (f), inciso (5), del citado Art. 77 de la entonces vigente Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, ante, expresamente se establecía que las confiscaciones que por medio del mismo se autorizaban se regirían por la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, mientras que ello no se hizo así constar al ser adicionado el inciso (6) al apartado (f) de dicho Art. 77 en el año de 1961.

Dicha interrogante fue resuelta por este Tribunal en el caso de *Colón Medina v. Srio. de Hacienda*, ante, donde resolvimos, como expresáramos anteriormente, que la derogada Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones se aplicaba a *todas* las confiscaciones que realizara el Secretario de Hacienda de Puerto Rico bajo las disposiciones de la entonces vigente Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico.[7] *Ello, naturalmente, por imperativo del debido proceso de ley*; de otra forma no hubiera existido procedimiento alguno para que una persona pudiera impugnar la confiscación realizada por el Estado bajo estas circunstancias.

No puede perderse de vista, sin embargo, que en el recurso ante nuestra consideración —a diferencia de aquellos en que se ha procedido a la confiscación de un vehículo de motor o embarcación por motivo de que en los mismos se ha transportado material delictivo o ilegal— nos enfrentamos a la situación en que el vehículo de motor es en sí alegadamente *ilegal* por razón de que los números de serie del manufacturero o cualquier otro número de identificación han sido removidos, alterados, desfigurados o destruidos.

---

[7] Dicha norma fue ratificada por este Tribunal en *Coop. Seguros Múltiples v. Srio. de Hacienda*, 118 D.P.R. 115 (1986).

Ello resulta ser así por cuanto la derogada Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, en adición a facultar al Secretario de Hacienda como hemos visto para proceder a la confiscación del vehículo en esta clase de situaciones, establecía en su Art. 93(f)(1) que:

> (f) *Remoción del Número de Identificación.*
>
> (1) Será culpable *de delito menos grave* toda persona que importare, vendiere, comprare *o tuviere en su posesión cualesquier vehículo de motor,* aparato, equipo, maquinaria, o artefacto mecánico, eléctrico, o de gas fluido, al cual se le hubiere removido, alterado, desfigurado o destruido en forma alguna los números de serie del manufacturero o cualquier otro número de identificación. (Énfasis suplido.)[8]

Siendo por ley ilegal un vehículo de motor al que se le han removido, alterado, desfigurado o destruido los números de identificación, ¿resulta procedente en derecho que se le devuelva el mismo a su dueño al éste prestar la garantía o fianza que a esos efectos provee la mencionada Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, lo cual le faculta para disponer libremente de dicho vehículo independientemente del resultado de la demanda de impugnación radicada? Debe mantenerse presente que de la demanda de impugnación ser declarada sin lugar, lo procedente, de haberse prestado fianza, sería la confiscación de la misma, con el resultado absurdo de que dicho vehículo continuaría transitando libremente por las vías públicas de Puerto Rico.

---

[8] 13 L.P.R.A. ant. sec. 4093(f)(1). Dicha sección de ley fue suplantada, en la nueva Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987 por la Sec. 10.003 (13 L.P.R.A. sec. 7453). En la misma se establece que toda "persona que a sabiendas compre, venda, reciba, disponga de, oculte o tenga en su posesión cualquier artículo gravado por las disposiciones de este subtítulo al cual se le haya removido, alterado, cubierto, desfigurado o destruido el número de serie del manufacturero o cualquier otro número de identificación, si alguno, *incurrirá en delito grave* y convicta que fuere será sancionada con la pena establecida en la sec. 7461 de este título". (Énfasis suplido.)

■ Somos del criterio que ante dicha situación tenemos la "obligación de armonizar hasta donde sea posible todas las disposiciones de ley envueltas con miras a lograr un resultado sensato, lógico y razonable que represente la intención del legislador . . . ". (Escolio omitido.) *Andino v. Fajardo Sugar Co.*, 82 D.P.R. 85, 94 (1961).

■ La aplicación estricta y literal de las disposiciones de la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones —las cuales proveen un mecanismo para la prestación de una garantía o fianza con el objetivo de recobrar el vehículo confiscado, 34 L.P.R.A. ant. sec. 1722(b)— a las confiscaciones hechas bajo el Art. 77(f)(6) equivaldría a sancionar conducta tipificada como delito por el mero hecho de haberse prestado una fianza y conduciría a resultados irracionales por cuanto permitiría que una persona readquiriera la posesión de un bien *per se ilegal* para usarlo y disponer del mismo según su voluntad.

■ Este Tribunal no puede aplicar un estatuto en forma estrecha, literal y mecánica sin atender a las razones que dieron lugar a su promulgación y los hechos a los cuales la disposición estatutaria ha de aplicarse. *Sales v. Samac Motor Corp.*, 92 D.P.R. 529, 540 (1965). Resolver que aplican las disposiciones de la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, relativas a la prestación de fianza a esta clase de situación frustraría los fines de los citados Arts. 77(f)(6) y 93(f)(1) de la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, ante, y la intención del legislador al aprobar las mismas.

■ Un examen del historial legislativo de estas dos disposiciones demuestra que el propósito o intención del legislador al aprobarlas fue no sólo el de evitar la evasión del pago de arbitrios, *sino que el de frenar y combatir la apropiación ilegal de vehículos de motor y la utilización de estos*

*vehículos, con sus números de identificación alterados, en la comisión de otros delitos.*(⁹) Tomamos conocimiento judicial del gran número de vehículos de motor que diariamente son ilegalmente sustraídos en Puerto Rico, muchos de los cuales precisamente, luego de serles alterados sus números de identificación, son utilizados en la comisión de otra clase de delitos.

◼ Somos del criterio que el interés público envuelto constituye justificación suficiente para que en esta clase de situaciones en específico se establezca la norma a los efectos de que el dueño del vehículo confiscado no pueda recobrar el uso y disfrute del mismo mediante la prestación de una fianza. Después de todo, en casos de confiscación, lo que requiere el debido proceso de ley es que se brinde a la persona perjudicada la oportunidad de ser oída antes de que se haga una adjudicación final. Véanse: *General Motors Acceptance v. Brañuela*, 60 D.P.R. 696 (1942); *Torres v. Buscaglia, Tes.*, 68 D.P.R. 336 (1948); *García v. Tribunal Superior*, 91 D.P.R. 153 (1964); *Morales v. Lizarribar*, 100 D.P.R. 717 (1972); *Domínguez Talavera v. Tribunal Superior*, 102 D.P.R. 423 (1974).

◼ Resolvemos, en consecuencia, que las disposiciones de la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, que permiten la prestación de una fianza o garantía por parte del dueño del bien confiscado con el pro-

---

(⁹) El P. de la C. 195 que se convirtió en la Ley Núm. 73 de 19 de junio de 1961 adicionó el inciso (f) al Art. 93 de la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, 13 L.P.R.A. ant. sec. 4093.

El P. de la C. 196 que se convirtió en la Ley Núm. 74 de 19 de junio de 1961 adicionó la cláusula (f)(6) al Art. 77 de la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, 13 L.P.R.A. ant. sec. 4077. Véanse: Expediente del P. de la C. 195, Informe a la Cámara de Representantes, de fecha 22 de mayo de 1961; expediente del P. de la C. 196, Informe a la Cámara de Representantes, de fecha 19 de mayo de 1961; 14 Diario de Sesiones de la Asamblea Legislativa (Cámara), T. 3, pág. 1512 (1961).

pósito de recobrar la posesión, uso y disfrute del mismo, *no son aplicables* a situaciones en que el Secretario de Hacienda o la Policía de Puerto Rico confisca dicho bien —vehículo de motor o cualquier artículo de uso y consumo, según lo contempla la Sec. 8.001(7)(d) de la nueva Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987, ante— por alegadamente haberle sido al mismo removido, alterado, desfigurado o destruido los números de serie del manufacturero o cualquier otro número de identificación.[10]

El Gobierno vendrá en la obligación de mantener en su poder el vehículo confiscado —en buen estado— hasta la dilucidación final del pleito de impugnación radicado.[11]

---

[10] La "solución" a la situación propuesta por el Secretario de Hacienda —refrendada la misma por el Procurador General— a los efectos de que, aun cuando el dueño del bien confiscado puede prestar la fianza, procede la concesión de la "orden protectora" solicitada por el Estado *no* resulta satisfactoria.

No podemos sustraernos de la realidad de que el propósito del dueño del bien al prestar la fianza es recobrar el uso y disfrute pleno del mismo.

Autorizar la prestación de la fianza para luego conceder la "orden protectora" solicitada por el Estado no sólo resulta una contradicción, sino que no tiene sentido alguno.

"La ley no puede permitir que se hagan cosas inútiles y vanas." *Celis Alquier v. Méndez*, 18 D.P.R. 88, 93 (1912). Hemos sostenido que las leyes deben interpretarse racionalmente teniendo en cuenta que "no puede ser la intención legislativa exigir cosas o trámites inútiles". *Rivera v. Quiñones*, 70 D.P.R. 318, 320 (1949).

[11] Ello nos parece lo más justo y razonable en vista de que estamos resolviendo que en esta clase de situaciones no habrá derecho a recobrar la posesión del bien confiscado mediante la prestación de una fianza o garantía. Somos del criterio que de esta forma quedan protegidos los intereses de ambas partes en el pleito hasta que el mismo sea resuelto en sus méritos. Como indicáramos en el escolio Núm. 3, el Procurador General sostuvo como fundamento adicional para la concesión de la "orden protectora" que solicitara que el vehículo debe ser conservado, por cuanto constituye la "mejor evidencia" con que cuenta para demostrar la ilegalidad del bien confiscado. Este mismo fundamento aconseja que se prohíba al Estado disponer del vehículo hasta tanto se resuelva definitivamente la demanda de impugnación radicada.

No estamos resolviendo en estos momentos —*por no estar planteado directamente en el presente recurso*— qué disposición final debe de tomarse respecto al vehículo en controversia, en la alternativa de que el tribunal de instancia deter-

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Hernández Denton y Alonso Alonso concurren con el resultado sin opinión escrita.

mine que, aun cuando los números de identificación del referido vehículo hayan sido alterados o removidos, procede declarar con lugar la demanda radicada por razón de que le asiste la razón al demandante recurrido respecto a su alegación de que la Policía de Puerto Rico ocupó el vehículo en violación de las disposiciones del Art. II, Sec. 10, Const. E.L.A., L.P.R.A., Tomo 1. Véanse, en cuanto a la procedencia de este planteamiento en casos como el que nos ocupa: *E.L.A. v. Coca Cola Bott. Co.*, 115 D.P.R. 197 (1984); *Pueblo v. Falú Martínez*, 116 D.P.R. 828 (1986).

Dicho asunto, en caso de que haya la necesidad de resolverlo, deberá ser objeto de juicioso análisis por parte del foro de instancia.