# 95 DTA 114

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

HECTOR HERNANDEZ GONZALEZ
Demandante-Apelado

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Demandado-Apelante

Núm. KLAN-95-00366

San Juan, Puerto Rico, a 7 de junio de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Salas Soler y Giménez Muñoz

Giménez Muñoz, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Se apela ante nos la sentencia del Tribunal de Primera Instancia que declara con lugar una demanda de Impugnación de Confiscación y condena al Estado a satisfacer a la parte demandante la suma de $7,298 más el interés legal sobre esa suma hasta que la misma sea satisfecha. El Estado imputa como único error del Tribunal la valorización del vehículo en $7,298 cuando el Estado lo había tasado al momento de la confiscación en $400.00.

### I

El demandante, Sr. Héctor Hernández González es un aficionado del deporte de carreras de automóviles de campo traviesa y era dueño de un vehículo de motor marca Suzuki que había sido reconstruido y modificado para esos únicos propósitos.

El 29 de agosto de 1993, el demandante participó en un evento conocido como *"Tormenta y Aceleración en el Fango",* auspiciado por la Federación de Vehículos 4x4 Campo Traviesa

de Puerto Rico. Luego de haber participado en dicha competencia se marchó transportando su vehículo de competencias sobre una plataforma. El demandante fue detenido por la Policía en una estación policíaca donde se verificaban selectivamente vehículos y conductores. La policía ocupó en ese momento el vehículo de competencias del demandante, pues el Agte. Agapito Vega Maldonado observó que el pedal de embriague no tenía numeración, conociendo él que los vehículos Suzuki Jeep traen una numeración en ese lugar. En ese momento el señor Hernández González dio a la Policía su dirección postal y residencial.

Posteriormente, el vehículo fue inspeccionado por el Agte. Edgar Avilés Arocho, Técnico de Vehículos Hurtados, quien determinó que el número de serie del vehículo *"había sido borrada con pulidora y, en su lugar, tenía una impresión no original con el número BT5356873"* y que ese número no correspondía a ningún otro vehículo. Aún así el demandante no fue acusado de delito alguno.

El 28 de septiembre de 1993, el Estado notificó la confiscación de la unidad tasándola en $400. La notificación informaba que la confiscación se había verificado el 14 de septiembre de 1993, *"por tener un (los) número(s) de identificación removido(s), alterado(s), desfigurado(s) o destruido(s)"*.

El 18 de octubre de 1993, el demandante incoó la presente acción impugnando la confiscación del vehículo y alegando que la intervención y confiscación fue ilegal por no haber tenido la Policía ningún motivo fundado para intervenir con el demandante. También alegó que el vehículo confiscado era uno reconstruido y detalló las piezas y equipo que tenía el vehículo señalando el valor de las mismas y anejando copia de las facturas que apoyaban su reclamo. Por último alegó que la confiscación era ilegal por no haber cumplido el Estado con el requisito de notificación que exige el artículo 4 de la Ley Uniforme de Confiscaciones de 1988, 34 L.P.R.A. sec. 1723b.

Oportunamente el Estado contestó la demanda negando que la Policía careciera de motivos fundados para intervenir con el demandante, negó por falta de información las piezas y equipos que alegadamente tenía el vehículo y que la confiscación se hubiere efectuado el 29 de agosto de 1993.

El 17 de marzo de 1994, el demandante radicó Moción de Consignación donde solicitó al Tribunal la devolución del vehículo confiscado *"cuya tasación es por la suma de $400.00, según se desprende de la carta donde se desglosa la transacción antes mencionada"*. El Estado se opuso señalando que conforme *Fernández v. Secretario de Hacienda,* 122 D.P.R. 636 (1988), el vehículo confiscado era en sí mismo ilegal por habérsele removido, alterado, desfigurado o destruido los números de identificación. Por tanto, su dueño no podía recobrar su uso y disfrute mediante la prestación de una fianza. El 5 de mayo de 1994, el demandante solicitó el retiro de la fianza dando por terminado este incidente.

El 13 de diciembre de 1994, fue llamado el caso para vista en su fondo para adjudicar *"todas las controversias existentes."* Antes de iniciarse la vista, se planteó y argumentó una solicitud de sentencia sumaria, pero el Tribunal *a quo* la dejó pendiente sin resolver y optó por recibir la prueba de las partes.

Así, el 19 de enero de 1995, Instancia dictó la sentencia, cuya revisión ahora se solicita y el 13 de febrero de 1995, el Tribunal, a solicitud del Estado, adoptó dos determinaciones de hechos adicionales y denegó de plano una moción de reconsideración presentada.

## II
El Estado acepta la nulidad de la confiscación y se limita a impugnar la valorización del

vehículo confiscado. Designa como error el siguiente:

*"Erró el Honorable Tribunal Superior, Sala de Arecibo, al determinar en este caso que la obligación del Estado en relación a la valorización del vehículo ascendía a $7,298.00 habiendo sido tasado por el Estado en $400 al momento de la confiscación".*

Señala el Estado que su posición siempre ha sido que el valor del vehículo confiscado era de $400 y que habiendo controversia sobre la valoración, el Tribunal de Instancia debió celebrar una vista evidenciaria a los efectos de determinar la razonabilidad de la tasación, conforme el artículo 11 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. SEC. 1723i. Entiende que erró el Tribunal al aceptar la valoración del apelado sin la celebración de vista previa. Señala además, que erró el Tribunal porque la cantidad concedida fue en concepto de *"compensación total de sus daños".*

Ninguno de los errores señalados han sido cometidos. Veamos.

El artículo 11, de la Ley Uniforme de Confiscaciones, *supra*, dispone que:

*"En caso de impugnación judicial de la confiscación el tribunal, a petición del demandante y previa audiencia de las partes, determinará la razonabilidad de la tasación como un incidente del pleito de impugnación. La sentencia que recaiga sobre dicha impugnación podrá ser revisada mediante el recurso de certiorari ante el Tribunal Supremo, limitado a cuestiones de derecho".*

Este artículo requiere que al determinar la razonabilidad de la tasación del bien confiscado, el Tribunal celebre una vista. Este requisito fue cabalmente cumplido en el caso de marras pues, como dijimos antes, el 13 de diciembre de 1994, el Tribunal *a quo* celebró la vista en su fondo donde se aportó prueba y adjudicó todas las controversias existentes. Ningún perjuicio pudo causar el que no se celebrara la audiencia previa que reclama por el hecho de que resolviera lo relacionado con la tasación en unión a otras controversias.

En la vista celebrada, el Tribunal escuchó el testimonio del propio demandante y admitió en evidencia 19 exhibits que en su mayoría eran recibos de piezas y equipo que Instancia consideró y determinó pertenecían al vehículo confiscado. No existe el más mínimo indicio de error en la apreciación de la prueba. En ausencia de pasión, prejuicio, parcialidad o error manifiesto, las determinaciones del Tribunal de Instancia nos merecen total deferencia. *Levy v. Autoridad de Edificios Públicos,* \_\_\_ D.P.R. \_\_\_ (1994), **94 J.T.S. 32.** Además, no puede sostenerse que la intención legislativa al aprobarse la Ley Uniforme de Confiscaciones fuera la de exigir una vista para dilucidar exclusivamente el valor del bien confiscado. Nada impide que, en aras de la economía procesal, dicha vista se celebre conjuntamente con la vista en los méritos del caso, tal como ocurrió aquí.

Por otro lado, el Estado impugna la compensación concedida por el Tribunal argumentando que el Tribunal concedió otros daños además del valor de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido el vehículo, la que resulte mayor. Artículo 13, *supra*, 34 L.P.R.A. SEC. 1723k-1. Surge claramente de la sentencia apelada que la indemnización concedida se limitó al valor de las piezas y equipo que el Tribunal determinó, conforme la prueba presentada, constituía el valor del vehículo. Por ende, este error tampoco fue cometido.

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.