El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
El caso de autos nos brinda la oportunidad de determinar si procede imponerle al Estado la obligación de conceder un remedio al demandante que prevalece en la acción de impugnación de la confiscación de su vehículo de motor, aun cuando dicho vehículo carece del número de identificación de una pieza. Tras un detenido análisis, respondemos que sí.
*911 I
En julio de 2004 el Estado ocupó un vehículo de motor marca Lexus, modelo IS 400, de 1990, correspondiente a la tablilla GAX-952 y registrado en la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas a nombre del Sr. Jorge L. Centeno Rodríguez. Dicho vehículo se ocupó por alegadamente haberse usado mientras se cometía una violación al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. see. 2404. Como resultado de la ocupación, en agosto de 2004 el Negociado de Investigaciones de Vehículos Hurtados de la Policía expidió el certificado de inspección correspondiente, el cual reveló que al vehículo le faltaba el número de identificación de la tapa del baúl. No obstante, en el certificado se hizo constar que “todo lo demás [estaba] en completo orden”. Apéndice, pág. 65.
En virtud de lo anterior, el Departamento de Justicia procedió a la confiscación del vehículo, de acuerdo con el Art. 2 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723a. La orden de confiscación, notificada adecuadamente al señor Centeno Rodríguez, señaló que el vehículo se encontraba en violación de varias disposiciones de la Ley de Arbitrios, 13 L.P.R.A. sec. 8140(a)(7)(D), la Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. see. 3213(3), y la Ley Uniforme de Confiscaciones. Por otra parte, el Estado le imputó al señor Centeno Rodríguez unos cargos criminales por la alegada violación a la Ley de Sustancias Controladas de Puerto Rico, aunque éstos fueron desestimados conforme a la Regla 64(n)(6) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
En el ínterin, el señor Centeno Rodríguez presentó una acción civil ante el Tribunal de Primera Instancia para impugnar la validez de la confiscación efectuada. Celebrada la vista correspondiente, el foro de instancia emitió una breve sentencia mediante la cual concluyó que el señor Centeno Rodríguez había importado el vehículo confiscado, *912 cumpliendo todos los requerimientos de ley y que, luego de la importación, el vehículo no había sido alterado de forma alguna. Además, resolvió que la confiscación no procedía, por lo que decretó “con lugar” la demanda de impugnación conforme a la Ley Uniforme de Confiscaciones. Finalmente, le ordenó al Estado devolver el vehículo confiscado o, en su defecto, pagar el valor de tasación del automóvil —equivalente a la suma de $2,100, más los intereses correspondientes— en caso de que éste no estuviese en posesión del Departamento de Justicia o de la Policía de Puerto Rico.
Insatisfecho con el dictamen, el Procurador General, en representación del Estado, acudió ante el Tribunal de Apelaciones. Dicho foro modificó la sentencia recurrida para eliminar el remedio de la devolución del vehículo a su dueño registral. A estos efectos, el tribunal intermedio concluyó que el único remedio disponible ante la improcedencia de la confiscación era el pago del valor de tasación del automóvil, ya que al señor Centeno Rodríguez no se le podía devolver su vehículo debido a que éste estaba impedido de transitar por las vías públicas por la falta del número de identificación de una pieza.
Aún inconforme, el Procurador General acude ante nos. Aduce que erró el Tribunal de Apelaciones al determinar que, aunque no procede la devolución del vehículo confiscado por las circunstancias descritas, le corresponde al Estado pagar el importe de su tasación. En esencia, el Procurador General sostiene que el señor Centeno Rodríguez carece de remedio, ya que su vehículo es ilegal per se.
Examinada la solicitud de certiorari, acordamos expedir. Con el beneficio de la comparecencia de ambas partes, resolvemos.
II
En nuestro ordenamiento, la confiscación es el *913 acto de ocupación y de investirse para sí que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de determinados delitos. First Bank v. E.L.A., 164 D.P.R. 835 (2005); Cooperativa v. E.L.A., 159 D.P.R. 37 (2003); Del Toro Lugo v. E.L.A., 136 D.P.R. 973 (1994). El procedimiento de confiscación está regulado por la Ley Uniforme de Confiscaciones y, según surge de su Exposición de Motivos, constituye un acto de justicia para el beneficio de la sociedad que ha sido perjudicada por las acciones delictivas. Además, la confiscación no sólo tiene la intención de evitar que el vehículo o la propiedad confiscada pueda volverse a utilizar para fines ilícitos, sino que también sirve de castigo para disuadir a los criminales. Cooperativa v. E.L.A., supra; Negrón v. Srio. de Justicia, 154 D.P.R. 79 (2001). De lo anterior se colige que la confiscación persigue y refleja un propósito punitivo. Id.
En reiteradas ocasiones hemos señalado que el procedimiento de confiscación es de carácter civil o in rem. Este va dirigido contra el propio objeto y no contra el dueño o la persona con algún interés legal sobre el bien. Cooperativa v. E.L.A., supra; Negrón v. Srio. de Justicia, supra. Independientemente del carácter de la confiscación, hemos establecido que los estatutos confiscatorios deben interpretarse restrictivamente, ya que “[l]os procedimientos instados con el propósito de confiscar la propiedad de un individuo, por razón de un delito por él cometido, aunque civil en su forma, tienen naturaleza criminal”. Carlo v. Srio. de Justicia, 107 D.P.R. 356, 362 (1978).
De acuerdo con los preceptos señalados, nuestro ordenamiento contempla varias vías confiscatorias. Veamos. La Ley Uniforme de Confiscaciones autoriza el acto de confiscación a favor del Estado cuando la propiedad esté relacionada con la comisión de determinados delitos. *914 34 L.P.R.A. see. 1723. Por otra parte, el Estado también tiene la facultad de incautar vehículos de motor al amparo de la Ley para la Protección de la Propiedad Vehicular, aun cuando el vehículo no ha sido utilizado en la comisión de un delito. First Bank v. E.L.A., supra. Específicamente, el Art. 14 de la ley establece que los agentes de orden público pueden —en determinadas circunstancias— detener, inspeccionar y retener para investigación cualquier vehículo o pieza por un término razonable que no exceda de treinta días calendario. 9 L.P.R.A. see. 3213. Una de las circunstancias en las que el Estado puede llevar a cabo la incautación es cuando “[ajlguno de los números de serie o de identificación del vehículo o de partes imprescindibles del mismo que se encuentren a vista abierta hayan sido borrados, mutilados, alterados, sustituidos, sobrepuestos, desprendidos, adaptados o de alguna forma modificados”. 9 L.P.R.A. see. 3213(3).(1)
Incluso, el Art. 21 de la misma ley tipifica como delito menos grave la posesión voluntaria y a sabiendas de algún vehículo de motor o pieza “con los números de motor o serie, o cualquier otro número de identificación impreso por el manufacturero o fabricante o asignado por el Secretario del Departamento de Transportación y Obras Públicas borrado, mutilado, alterado, destruido, desprendido o en alguna forma modificado”. 9 L.P.R.A. see. 3320. Esta disposición legal añade que la mera posesión del vehículo o pieza que se encuentre en el estado descrito anteriormente constituirá evidencia prima facie de su posesión voluntaria. Id. Sin embargo, observamos que el estatuto nada dispone con respecto a los casos en qué una persona derrota la presunción contemplada.
*915 Por otro lado, el Código de Rentas Internas de 1994 provee una vía adicional para el acto de confiscación. En lo pertinente, la Sec. 6140(a)(7)(D) de la Ley de Arbitrios, 13 L.P.R.A. sec. 8140(a)(7)(D), dispone que el Secretario de Hacienda está facultado para la confiscación y destrucción de “[cjualquier artículo de uso o consumo del cual se haya removido, alterado, desfigurado o destruido en forma alguna el número de serie del manufacturero o cualquier otro número de identificación”. Esta disposición fue objeto de análisis en Fernández v. Srio. de Hacienda, 122 D.P.R. 636 (1988). Allí sostuvimos que el dueño de un vehículo de motor que padezca de la deficiencia antes ex-puesta no tendrá derecho a recobrar —mediante la prestación de fianza— la posesión del bien confiscado mientras se dilucida la demanda de impugnación de la confiscación, ya que el vehículo constituye la mejor evidencia para demostrar su ilegalidad. En virtud de lo anterior, se determinó que el vehículo no podía transitar libremente por las vías públicas de Puerto Rico en esas circunstancias. No obstante, en aquella ocasión enfatizamos que nada pretendíamos resolver sobre la disposición final procedente en caso de que la parte demandante finalmente prevaleciera en la acción instada, aun cuando los números de identificación de su vehículo hubieran sido alterados o removidos. íd., pág. 649 esc. 11.
En estos casos en que proceda la confiscación, ésta deberá llevarse a cabo de acuerdo con el procedimiento dispuesto en el Art. 2 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723a. First Bank v. E.L.A., supra; Fernández v. Srio. de Hacienda, supra. Dicha ley contempla la posibilidad de impugnar el acto de confiscación mediante la presentación de una demanda contra el Estado, ya que están involucrados los derechos constitucionales de las personas afectadas por la privación de su propiedad. 34 L.P.R.A. sec. 1723(f); Negrón v. Srio. de Justicia, supra.
*916 En virtud de tal acción civil, la persona que desee proteger su interés sobre la propiedad confiscada tiene la oportunidad de salvaguardar sus derechos y levantar y probar las defensas válidas que pueda tener contra la confiscación. Pueblo v. Echevarría Arroyo, 157 D.P.R. 158 (2002). Si obtiene una sentencia favorable, la propia ley dispone los remedios que el tribunal habrá de concederle. Específicamente, y en lo pertinente, el Art. 13 de la ley establece:
En aquellos casos que el tribunal decrete la ilegalidad de una confiscación, la Junta devolverá la propiedad ocupada al demandante o en caso de que haya dispuesto de la misma, el Estado Libre Asociado de Puerto Rico le pagará el importe de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido, la que resulte mayor, más intereses de conformidad con la Regla 44.3 de Procedimiento Civil, Ap. Ill del Título 32, a partir de la fecha de la ocupación. ... (Enfasis suplido.) 34 L.P.R.A. sec. 1723k-l.
Del precepto enunciado se desprende que cuando el tribunal decreta inválida una confiscación, el Estado está obligado de conceder uno de los dos remedios contemplados en el estatuto. Los remedios son: (1) la devolución de la propiedad ocupada al demandante o (2) su valor de tasación, en caso de que se haya dispuesto de la propiedad. Negrón v. Srio. de Justicia, supra.(2)
Examinada la normativa pertinente, procedemos a atender la controversia ante nuestra consideración.
III
En esta ocasión, debemos resolver si —ante una sentencia favorable en una acción de impugnación de confiscación— procede la devolución del vehículo de motor confis *917 cado o su valor de tasación, aun cuando al referido vehículo le falte el número de identificación de una de sus piezas. En particular, debemos determinar si el señor Centeno Rodríguez se encuentra desprovisto de algún remedio.
El foro apelativo, al modificar el dictamen de instancia, sostuvo que en Fernández v. Srio. de Hacienda, supra, sugerimos que la parte demandante que prevalece en la acción de impugnación tiene derecho a un remedio. En virtud de ello, ordenó al Estado que pagara al señor Centeno Rodríguez el valor de tasación de su vehículo. De esta determinación el Procurador General recurre ante nos y arguye que la mera inexistencia del número de identificación de la tapa del baúl hace del vehículo en cuestión un bien ilegal per se, por lo que el señor Centeno Rodríguez no podía recuperar la posesión de su vehículo ni su valor de tasación. Examinada de forma integrada la normativa aplicable, así como las circunstancias particulares del caso, resolvemos que no le asiste la razón.
En vista de los preceptos estudiados, es evidente que la resolución final de este caso requiere que armonicemos las disposiciones legales en cuestión para lograr un resultado sensato, lógico y razonable. Andino v. Fajardo Sugar Company, 82 D.P.R. 85 (1961). Para ello, conviene reiterar que estamos impedidos de aplicar los estatutos en forma literal y mecánica, sin atender a las razones que dieron lugar a su promulgación y a los hechos a los cuales las disposiciones estatutarias han de aplicarse. Fernández v. Srio. de Hacienda, supra; Salas v. Samac Motor Corp., 92 D.P.R. 529 (1965).
A la luz de ello, entendemos que la normativa estudiada justifica la confiscación para hacer viable la correspondiente investigación. Sin embargo, no le podemos conferir el efecto de adjudicar que el vehículo es ilegal per se e impedir —en virtud de dicho argumento— que el señor Centeno Rodríguez presente evidencia a su favor mediante la cual pueda impugnar exitosamente la confiscación de su *918 vehículo. El interés legislativo en disuadir el trasiego de piezas hurtadas no puede estar, en forma alguna, por encima del interés constitucional en el debido proceso de ley. La misma conclusión se sostiene si tomamos en consideración que, aunque la Ley para la Protección de la Propiedad Vehicular establece una serie de presunciones para inferir que el vehículo con número de identificación alterado o modificado ha sido apropiado ilegalmente, de su historial legislativo surge que el efecto de las presunciones es únicamente permitir que el juzgador tenga la discreción de deducir o no deducir el hecho presumido, así como de imponer al demandante el peso de la prueba para demostrar que su vehículo o pieza no es ilegal. Véase Comunicación del Departamento de Justicia sobre el P. de la C. 922, pág. 10.
Conforme a lo anterior, no es posible sostener que las determinaciones a las cuales llegaron los tribunales inferiores son irrelevantes para determinar la validez de la confiscación. Si luego de celebrada la vista en el pleito de impugnación, el señor Centeno Rodríguez logró obtener una sentencia a su favor, no vemos justificación para negarle alguno de los remedios dispuestos en la Ley Uniforme de Confiscaciones.
Por un lado, cabe recordar que de dicha ley se colige que —independientemente de la disposición legal bajo la cual se haya autorizado la incautación— no es discrecional la concesión de un remedio cuando el demandante prevalece en su acción de impugnación, tal y como sucedió en el caso ante nuestra consideración. Por otro lado, en este caso no se han vulnerado los preceptos cautelares, preventivos y punitivos de las leyes involucradas.
En particular, quedó probado que el señor Centeno Rodríguez importó el vehículo y pagó los arbitrios correspondientes, conforme exige la Ley de Arbitrios. Tras una inspección en la que no se encontró deficiencia alguna, el propio Departamento de Hacienda autorizó el registro del *919 vehículo. Además, cabe destacar que el señor Centeno Rodríguez fue exonerado de las imputaciones delictivas que motivaron el acto de confiscación. Así también, el foro de instancia declaró “con lugar” la demanda de impugnación tras celebrar una vista en la que el demandante tuvo la oportunidad de presentar prueba a su favor.
Por lo tanto, en vista de que el único motivo por el cual el vehículo actualmente no está apto para transitar por la vía pública es la falta del número de identificación de una sola pieza, y de que no se ha encontrado un motivo razonable para creer que el vehículo de motor haya sido hurtado, adquirido ilegalmente o alterado de forma alguna, resolve-mos que procede devolverle el vehículo confiscado al señor Centeno Rodríguez. Ahora bien, ordenamos que —como paso previo a la entrega del vehículo confiscado— el Estado, a través de la Directoría de Servicios al Conductor del Departamento de Transportación y Obras Públicas, otorgue un reemplazo del número de identificación de la tapa del baúl del automóvil en controversia y realice la correspondiente anotación en el Registro de Vehículos, conforme a los procedimientos establecidos a tales efectos. Una vez se cumpla con este trámite, el vehículo se encontrará apto para transitar por nuestras carreteras y el Estado estará obligado a devolverlo a su dueño registral.
Conscientes de que las confiscaciones no son favorecidas por constituir una medida punitiva, entendemos que el remedio anteriormente esbozado protege los intereses tanto del Estado como del dueño del vehículo y no desvirtúa los propósitos legislativos. Negrón v. Srio. de Justicia, supra; Santiago v. Supte. Policía de P.R., 151 D.P.R. 511 (2000); Carlo v. Srio. de Justicia, supra.
IV
Por los fundamentos antes expuestos, revocamos al Tribunal de Apelaciones en cuanto resolvió que no procede la *920 devolución del vehículo y devolvemos el caso al Tribunal de Primera Instancia. Dicho foro deberá ordenar a la Directoría de Servicios al Conductor del Departamento de Transportación y Obras Públicas que provea el reemplazo del número de identificación de la tapa del baúl del vehículo en controversia. Una vez cumplido este trámite, le ordenará al Estado que entregue el vehículo al señor Centeno Rodríguez.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López y la Juez Asociada Señora Rodríguez Rodríguez disintieron sin opiniones escritas.

 De lo anterior se colige que el vehículo que tenga algún número de identificación alterado o modificado se incauta con el propósito de investigarlo y evaluar si se trata de un vehículo de motor hurtado. Véase Comentarios del Superintendente de la Policía en Tomo al P. de la C. 922 de 20 de mayo de 1986, pág. 10, el cual pretende establecer la Ley para la Protección de la Propiedad Vehicular.

 Cabe señalar que el estatuto no delimita los supuestos en los cuales el tribunal podrá determinar que una confiscación es improcedente o ilegal, ni contempla un marco de discreción al momento de conceder algún remedio cuando el demandante prevalece en su acción.