EDDIE COLÓN MEDINA, demandante y recurrido, *v.* SECRE-TARIO DE HACIENDA, demandado y peticionario.

*Número:* O-79-315     *Resuelto:* 31 de marzo de 1980

*Héctor A. Colón Cruz, Procurador General,* y *Lorraine Riefkohl de López, Procuradora General Auxiliar,* abogados del peticionario; *Heriberto Sánchez Vélez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

La controversia en este caso gira en torno a la aplicación del procedimiento de confiscación delineado en la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, [1] a la incautación por el Secretario de Hacienda de un vehículo de motor por motivo de habérsele removido la chapa en que constaba el número de serie original del manufacturero y haberse sustituido por otra con número de serie distinto en violación a la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico. [2] De ser aplicable el procedimiento de la primera—Ley Uniforme—a la incautación bajo la segunda—Ley de Impuestos—la notificación cursada al dueño del vehículo ocupado en el caso de autos sería ineficaz por haberse efectuado fuera del término de diez (10) días que señala la Ley Uniforme y en su consecuencia procedería la devolución del vehículo ocupado a su dueño.

Con motivo de haber solicitado sentencia sumaria ambas partes, el tribunal de instancia consideró que la cuestión a resolver se contraía a la aplicación al caso de autos de la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, toda vez que de ser así la confiscación sería nula por haber excedido la notificación de incautación del Secretario el término fatal de diez (10) días que provee dicha ley. El tribunal resolvió en la afirmativa mediante sentencia sumaria que obligaba al Secretario a devolver el vehículo ocupado o en su defecto el valor del mismo.

[1] Ley Núm. 39 de 4 de junio de 1960, según enmendada, 34 L.P.R.A. secs. 1721–1722.

[2] Ley Núm. 2 de 20 de enero de 1956, según enmendada, 13 L.P.R.A. sec. 4001 *et seq.,* y en particular la sec. 4077(f)(6).

A pesar de que originalmente el Secretario de Hacienda había notificado al dueño del vehículo en cuestión que la incautación se efectuaba conforme lo dispone la Ley Uniforme, al acudir ahora ante nos plantea por primera vez abiertamente que el procedimiento de la Ley Uniforme no es el que rige este caso sino la ley de pleitos contra el Estado. ([3]) Intenta así salvar la tardía notificación de la incautación sacando la confiscación fuera del ámbito de la Ley Uniforme. Su contención no debe prevalecer.

La Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones responde al deseo de nuestra Asamblea Legislativa de "establecer un procedimiento uniforme para todos los casos de confiscación, irrespectivamente [sic] de la identidad de la agencia o funcionario que intervenga en la confiscación y del propósito o fin ilegal para el que se utilice el bien u objeto confiscado". *Srio. de Justicia* v. *Tribunal Superior*, 89 D.P.R. 574, 579 (1963). Véase Exposición de Motivos, Ley Uniforme. Provee además dicha ley expresamente, en lo que es aquí pertinente, que el procedimiento allí delineado se aplicará a los vehículos confiscados en virtud de lo dispuesto en la Ley Núm. 2 de 20 de enero de 1956, o sea, la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico.

A la fecha de aprobación de la Ley Uniforme, la Ley de Impuestos facultaba al Secretario de Hacienda a confiscar vehículos dedicados a la transportación de mercancía sobre la cual no se hubieren pagado los impuestos correspondientes. ([4]) Al aprobarse la citada Ley Uniforme en 1960 se incluyó una disposición enmendando el Art. 77 de la Ley de Impuestos para ampliar el alcance de lo que constituía "transportación de mercancía", disponiéndose, además, que para la confiscación de los vehículos relacionados con esa transportación

---

([3]) [Ley de Reclamaciones y Demandas Contra el Estado], Ley Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. secs. 3077, 3077a.

([4]) Ley Núm. 2 de 1956, Art. 77(f)(5).

ilegal se seguiría el procedimiento de la Ley Uniforme. [5] Tal aclaración era innecesaria en vista de la clara expresión contenida en la Exposición de Motivos de la Ley Uniforme y en su Art. 2 al efecto de que las confiscaciones de vehículos bajo la Ley de Impuestos se tramitarían de acuerdo con el procedimiento establecido en la Ley Uniforme. Tal parece ser que tratándose de un nuevo procedimiento uniforme que tenía aplicación a varias leyes ya en vigor que específicamente se enmendaron por virtud de la Ley Uniforme, consideró el legislador hacer la salvedad también con respecto al inciso de la Ley de Impuestos que quedaba enmendado.

Al año de estar en vigor la Ley Uniforme, la Asamblea Legislativa añadió otro inciso a la Ley de Impuestos para incluir, entre las facultades del Secretario, la de confiscar los vehículos de los cuales se hubieren removido, alterado, desfigurado o destruido los números de serie del manufacturero o cualquier otro número de identificación. [6] No se hizo mención en esta segunda enmienda al procedimiento a seguirse en esas confiscaciones. Como dijéramos antes, no era necesario hacerlo por estar ya expresamente dispuesto en la Ley Uniforme que el procedimiento que ella creaba se seguiría con respecto a las confiscaciones autorizadas por la Ley de Impuestos.

Ante las claras expresiones de la Asamblea Legislativa resulta endeble el argumento invocado por el Secretario de Hacienda en el sentido de que la confiscación del caso de autos no se rige por la Ley Uniforme por resultar de una confiscación al amparo de la enmienda de 1961 a la Ley de Impuestos en cuya enmienda no se expresó, al igual que se había hecho en la de 1960, que la confiscación habría de regirse por la Ley Uniforme.

Más aún, hemos examinado detenidamente el historial legislativo de la enmienda de 1961—Ley Núm. 74—sin

[5] 13 L.P.R.A. sec. 4077(f)(5).

[6] Ley Núm. 74 de 19 de junio de 1961, 13 L.P.R.A. sec. 4077(f)(6).

encontrar el más sutil fundamento a la solución que propone el Secretario de Hacienda.

El proyecto de ley que hubo de convertirse en dicha Ley Núm. 74 se originó en la Cámara de Representantes con el número P. de la C. 196. Se aprobó el 23 de mayo de 1961 según recomendado por la Comisión de lo Jurídico en un corto informe que se limitó a señalar que el proyecto tenía la intención de "facilitar la labor investigativa y de fiscalización del Departamento de Hacienda". 14 *Diario de Sesiones* 1512. El Senado de Puerto Rico aprobó la medida prontamente, sin que mediara estudio por ninguna de sus comisiones y haciendo sólo enmiendas de forma. 14 *Diario de Sesiones* 1733. Véase, además, *Actas del Senado de la Primera Sesión Ordinaria de la Cuarta Asamblea Legislativa,* págs. 501 y 502. Como vemos, del historial legislativo de la medida no surge la más mínima indicación de que la Asamblea Legislativa intentara crear en el referido inciso (f)(6) una ínsula rebelde e insumisa, separada del esquema de operación de la ley a la que dicho inciso (f)(6) está integrado.

█   En mérito de lo expuesto precedentemente, es forzoso concluir que la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones rige sobre el proceso de confiscación bajo la Ley de Impuestos que motivó la controversia de autos. Habiendo sido la notificación sobre la confiscación cursada por el Secretario de Hacienda luego de transcurrido el término de diez (10) días siguientes a la ocupación del vehículo procede anular la confiscación. Hemos sostenido reiteradamente que dicho término es mandatorio y no directivo. *Srio. de Justicia* v. *Tribunal Superior,* 95 D.P.R. 158 (1967); *Srio. de Justicia* v. *Tribunal Superior,* 96 D.P.R. 116 (1968); *Vázquez Fontánez* v. *Tribunal Superior,* 102 D.P.R. 396 (1974).([7]) Comoquiera que el Secretario de Hacienda no se

---

([7]) Habiendo resuelto que la Ley Uniforme es aplicable, resulta inmeritoria la contención del Secretario de Hacienda en el sentido de que a la impugnación de la confiscación hecha en el caso de autos debe aplicar la ley de pleitos contra el Estado [Ley de Reclamaciones y Demandas Contra el Estado].

atuvo a las providencias de dicha Ley Uniforme *debe dictarse sentencia confirmando la recurrida que declaró nula la confiscación efectuada.*