EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Cooperativa de Seguros Múltiples de Puerto Rico y Cooperativa de Ahorro y Crédito de Yauco<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>Recurrido | Certiorari<br><br>2016 TSPR 218<br><br>196 DPR ____ |

Número del Caso: CC-2016-458

Fecha: 28 de octubre de 2016

Tribunal de Apelaciones:

    Región Judicial de Ponce, Panel VII

Abogado de la parte Peticionaria:

    Lcdo. Armando Franceschi Figueroa

Oficina de la Procuradora General:

    Lcda. Margarita Mercado
    Procuradora General

    Lcda. María Astrid Hernández Martínez
    Procuradora General Auxiliar

Materia: Confiscaciones: Cualquier parte correctamente notificada por el Estado sobre la confiscación de una propiedad puede reclamar la nulidad del proceso confiscatorio basado en la falta de notificación a otra parte que la legislación vigente requiera que se notifique.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Cooperativa de Seguros
Múltiples de Puerto Rico y
Cooperativa de Ahorro y
Crédito de Yauco

    Peticionarios            CC-2014-0863       *Certiorari*

       v.

Estado Libre Asociado de
Puerto Rico

    Recurridos

**Opinión del Tribunal emitida por el Juez Asociado señor Rivera García**

En San Juan, Puerto Rico, 28 de octubre de 2016.

En esta ocasión nos corresponde determinar si una parte *correctamente* notificada por el Estado sobre la confiscación de una propiedad puede reclamar la nulidad del proceso confiscatorio basado en la falta de notificación a otra parte que la Ley Uniforme de Confiscaciones de 2011 *expresamente* dispone que el Estado *tiene* que notificar.[1] Luego de analizar el derecho aplicable, contestamos afirmativamente.

La notificación a *todas* las partes que exige el Art. 13 de la Ley 119-2011 es un

---

[1] Ley Núm. 119-2011, según enmendada, conocida como "Ley Uniforme de Confiscaciones de 2011". 34 LPRA secs. 1724 et seq.

requisito intrínseco para la validez y corrección inicial de la confiscación, por lo que su incumplimiento acarrea la nulidad del proceso. Siendo así, resolvemos que se trata de un planteamiento que puede ser traído ante la consideración del Tribunal por cualquier parte con legitimación activa para presentar una demanda de impugnación de confiscación.

A continuación exponemos los hechos pertinentes que originaron la controversia que hoy atendemos.

**I**

El 21 de octubre de 2010, el Estado confiscó un vehículo de motor registrado a nombre del Sr. Freddy A. Sepúlveda Ruiz (señor Sepúlveda Ruiz) por presunta violación a varias disposiciones de la Ley de Armas y de la Ley de Sustancias Controladas.[2] Al momento de la confiscación, el vehículo era conducido por la Sra. Ingrid Sepúlveda (señora Sepúlveda). El 16 de noviembre de 2010, la Junta de Confiscaciones del Departamento de Justicia envió una carta en la que notificó la referida confiscación al señor Sepúlveda Ruiz (dueño registral del vehículo), a la señora Sepúlveda (poseedora del vehículo

---

[2] En específico a los Arts. 5.01, 5.04, 5.09 y 5.10 de la Ley Núm. 404-2000, según enmendada, conocida como "Ley de Armas de Puerto Rico". (25 LPRA secs. 458, 458 (c), 458 (h), 458 (i)); y los Arts. 401 y 406 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como "Ley de Sustancias Controladas de Puerto Rico". (24 LPRA secs. 2401 & 2406). Véase Apéndice de la Petición de *certiorari*, Cartas de Notificación, págs. 207-208.

al momento de la confiscación) y a la Cooperativa de Ahorro y Crédito de Yauco (CACY) (acreedor financiero).[3]

El 27 de diciembre de 2010, la CACY y la Cooperativa de Seguros Múltiples de Puerto Rico (CSMPR) (aseguradora principal del vehículo confiscado) (en conjunto, los demandantes), presentaron una demanda de impugnación de confiscación en la que alegaron, entre otros asuntos, que la confiscación era "nula, ineficaz e ilegal… por no haber notificado fehacientemente a todas las personas naturales o jurídicas con interés económico en el vehículo".[4] Luego de varios trámites procesales, los demandantes presentaron una solicitud de sentencia sumaria. Según explicaron y documentaron, la carta de notificación enviada a la señora Sepúlveda fue devuelta por dirección insuficiente ("insufficient address").[5] Esto porque el Estado notificó incorrectamente a su dirección física, aun cuando contaban con la dirección postal correcta en el expediente de confiscación.[6] Así las cosas, los demandantes arguyeron que el proceso de confiscación debía ser declarado nulo sumariamente, ya que no existía controversia de que el

---

[3] Véase Apéndice de la Petición de *certiorari*, *Cartas de notificación*, págs. 207-208.

[4] Íd., *Demanda*, pág. 115.

[5] Véase, íd., *Carta de notificación del 20 de noviembre de 2010 dirigida a la Sra. Ingrid Sepúlveda y acuse de recibo devuelto por correo postal por "insufficient address"*, pág. 208.

[6] Este es un hecho estipulado por las partes, según surge de la Sentencia emitida por el Tribunal de Primera Instancia. Véase, Apéndice de la Petición de *certiorari*, *Sentencia*, pág. 95. Véanse, además, *Recibo de entrada y salida de inventario del vehículo del Negociado de Investigaciones Especiales del Departamento de Justicia del 2 de octubre de 2010*, pág. 210; Alegato del Estado Libre Asociado, pág. 4.

Estado falló en su obligación de notificar adecuadamente a una de las personas que el Art. 13 de la Ley 119-2011 expresamente dispone que debe ser notificada.[7]

En respuesta a esta solicitud, el Estado reconoció que notificó incorrectamente a la señora Sepúlveda, pero arguyó que ello era inconsecuente por dos razones. Primero, porque la señora Sepúlveda conocía que el Estado le había confiscado la propiedad. Segundo, porque los demandantes no habían demostrado que ésta era la dueña del vehículo, de manera que ostentara legitimación activa para presentar una demanda de impugnación de confiscación. Asimismo, el Estado expuso que los demandantes carecían de legitimación activa para plantear la falta de notificación a la poseedora del vehículo al momento de la confiscación. Finalmente, sostuvo que los demandantes no sufrieron daño alguno, ya que fueron notificados correctamente y pudieron presentar la demanda de impugnación de confiscación.[8]

Evaluados los planteamientos de las partes, el Tribunal de Primera Instancia dictó una Resolución en la cual declaró no ha lugar la petición de dictamen sumario presentada por los demandantes.[9] En resumen, el foro primario expresó que a pesar de ostentar legitimación activa para impugnar la confiscación, "la parte demandante no ha demostrado derecho alguno que le faculte a invocar

---

[7] Íd., *Moción solicitando que se dicte sentencia sumaria por notificación tardía*, págs. 198-206.

[8] Íd., *Réplica en oposición a moción solicitando que se dicte sentencia sumaria por notificación tardía*, pág. 220.

[9] Íd., *Resolución*, págs. 245-250.

el planteamiento de notificación defectuosa".[10] Esto porque, según sostuvo el Tribunal, los demandantes fueron notificados, presentaron la demanda dentro del término que dispone la ley y no asumieron la representación legal de la señora Sepúlveda.[11]

Posterior a esta denegatoria, el Tribunal de Primera Instancia celebró una vista evidenciaria para evaluar la defensa de tercero inocente previamente levantada por los demandantes. No obstante, durante la vista los demandantes se limitaron a reiterar su planteamiento sobre la nulidad de la confiscación debido al probado incumplimiento del Estado de notificar a la poseedora del vehículo como requiere la legislación vigente. Sometido el caso, el foro primario emitió una Sentencia en la que declaró no ha lugar la demanda de impugnación de confiscación instada por los demandantes. Según concluyó, éstos no lograron controvertir la legalidad de la confiscación, ya que únicamente alegaron la nulidad del proceso confiscatorio basado en la falta de notificación a la poseedora del vehículo.[12]

Inconforme con este dictamen, los demandantes acudieron al Tribunal de Apelaciones donde alegaron, en esencia, los mismos planteamientos esbozados en el foro primario. El 11 de junio de 2014 el foro apelativo

---

[10] Íd., pág. 250.

[11] Íd.

[12] Íd., *Sentencia*, págs. 94-98.

intermedio emitió una Sentencia en la que confirmó el dictamen del Tribunal de Primera Instancia.[13] Según sostuvo, los demandantes carecen de legitimación activa para presentar la alegación de notificación defectuosa, ya que éstos no asumieron la representación legal de la señora Sepúlveda, ni comparecieron en su representación. Siendo así, el tribunal concluyó que éstos no lograron "presentar un argumento que impugne la legalidad de la confiscación del vehículo realizada por el Estado".[14] Los demandantes solicitaron reconsideración de esta determinación, pero el Tribunal la denegó.[15]

En desacuerdo, los demandantes acudieron ante esta Curia mediante una petición de *certiorari* en la que alegaron, entre otros asuntos, que el Tribunal de Apelaciones erró al concluir que éstos no podían plantear la nulidad de la confiscación realizada por el Estado basado en la falta de notificación a la poseedora del vehículo al momento de la ocupación. Expedido el caso, el Estado presentó su alegato en oposición. En éste, consignó los mismos argumentos levantados ante los foros inferiores. Así las cosas, y con el beneficio de la comparecencia de ambas partes, procedemos a exponer el derecho aplicable a la controversia que nos ocupa.

---

[13] Íd.

[14] Íd., pág. 36.

[15] Íd., *Resolución*, pág. 2.

## II

La confiscación es el acto mediante el cual el Estado, representado en este caso por el Poder Ejecutivo, priva a una persona de su propiedad porque ésta fue utilizada en violación a algún estatuto confiscatorio, o porque es producto o resultado de una conducta prohibida por ley.[16] Actualmente, en Puerto Rico este proceso se rige por la Ley Uniforme de Confiscaciones de 2011, la cual establece un proceso único al que deben adherirse las entidades del Gobierno de Puerto Rico con facultad para confiscar propiedad.[17]

Ante esta intervención del Estado con la propiedad de los ciudadanos y el derecho constitucional que les asiste a no ser privados de sus bienes sin un debido proceso de ley,[18] la legislación vigente contiene una serie de disposiciones dirigidas a garantizar que aquellas personas con interés en la propiedad confiscada puedan impugnar en los tribunales el proceso de confiscación mediante una demanda civil.[19] Como primer paso en esa dirección, la Ley

---

[16] Véase, Art. 9 de la Ley Núm. 119-2011, 34 LPRA sec. 1724f. Véanse, además, Ford Motor v. E.L.A., 174 DPR 735, 741 (2008); Suárez v. E.L.A., 162 DPR 43 (2004); Del Toro v. E.L.A., 136 DPR 973, 980-981 (1994).

[17] Si bien la confiscación de la propiedad concerniente al presente caso se realizó en el 2010, la nueva Ley Uniforme de Confiscaciones de 2011 establece su vigencia inmediata y efecto retroactivo a "aquellos procedimientos que se hayan iniciado en virtud de los procedimientos de confiscación bajo la Ley Núm. 93 de 13 de julio de 188, según enmendada, conocida como 'Ley Uniforme de Confiscaciones de 1988'". Art. 28 de la Ley Núm. 119-2011, 34 LPRA sec. 1724w.

[18] Art. II, Sec. 7, Const. E.L.A., LPRA Tomo 1.

[19] Sobre este aspecto de "personas con interés" en la propiedad confiscada, véase, la Ley Núm. 252-2012. Véase, además, Mapfre v. E.L.A., 188 DPR 517 (2013).

Uniforme de Confiscaciones de 2011 establece, específicamente, a quiénes el Estado tiene la *obligación* de notificar la confiscación realizada y la tasación de la propiedad. Sobre este particular, el Art. 13 de la Ley dispone que el Director Administrativo de la Junta de Confiscaciones del Departamento de Justicia tiene que notificar:

> (a) *A la persona que tuviere la posesión física del bien al momento de la ocupación.*
>
> (b) A aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien.
>
> (c) En los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito.
>
> (d) En los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien. (Énfasis y subrayado suplido).[20]

Del citado artículo surge que en el caso particular de la confiscación de vehículos de motor, el Estado tiene que notificar a las siguientes cuatro personas: (1) al poseedor del vehículo al momento de la ocupación; (2) a

---

[20] Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724j.

aquéllos que el Director Administrativo considere como dueños; (3) al dueño del vehículo de motor según conste en el Registro de Vehículos del Departamento de Transportación y Obras Públicas; y (4) al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito.[21] Esta notificación debe realizarse mediante correo certificado a la dirección conocida según consta en el expediente de confiscación en un término jurisdiccional de treinta días, siguientes a la fecha de la ocupación física del bien.[22]

Ahora bien, no todas estas personas a las que el Estado tiene la obligación de notificar están facultadas para presentar una demanda civil de impugnación de confiscación. Por el contrario, la facultad para la presentación de este recurso está condicionada a que la persona notificada logre demostrar, además, que es "dueño" de la propiedad.[23] En otras palabras, la persona notificada tiene que evidenciar que posee "un interés propietario en la propiedad incautada", según definido en la Ley Uniforme de Confiscaciones de 2011 y nuestra jurisprudencia.[24] A tales fines, la propia legislación establece que los tribunales primarios están obligados a

---

[21] Sobre este último punto de "acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito", véase Reliable Financial Services, Inc. v. Depto. Justicia, 2016 TSPR 140, 195 DPR __ (2016).

[22] Íd. Nótese que el propio Art. 13 de la Ley Núm. 119 establece dos excepciones que impactan cuándo comienza a discursar este término de treinta días para notificar a las personas indicadas en la Ley.

[23] Art. 15 de la Ley Núm. 119-2011, 34 LPRA sec. 1724.

[24] Íd. Véase, además, Mapfre v. E.L.A., 188 DPR 517 (2013).

celebrar una vista sobre legitimación activa dirigida a auscultar, precisamente, si la persona demandante "ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación".[25] De no evidenciarse lo anterior, el tribunal tiene que ordenar la desestimación *inmediata* del pleito de impugnación.[26]

En reiteradas ocasiones, hemos establecido que el requisito estatutario de notificación tiene el objetivo de salvaguardar los derechos constitucionales de las partes con interés en la propiedad confiscada.[27] Cónsono con ello, hemos resuelto que el deber del Estado de notificar a las personas con interés, según definido en la legislación pertinente, corresponde a un requisito básico del debido proceso de ley.[28] Ahora bien, ¿supone el incumplimiento por parte del Estado con este requisito de notificación una falla que conlleve la nulidad del proceso? Como veremos, de nuestra jurisprudencia surgen varios casos en los que hemos decretado la nulidad del proceso en *todas* aquellas instancias en que el Estado ha fallado en su deber de notificar a alguna de las personas con interés en la propiedad confiscada.

Así, hallamos, por ejemplo, el caso de Secretario de Justicia v. Tribunal Superior, 95 DPR 158 (1967), en el que el Estado notificó a las partes con interés en la

---

[25] Art. 15 de la Ley Núm. 119-2011, 34 LPRA sec. 1724.

[26] Íd.

[27] López v. Secretaria, 162 DPR 345, 352 (2004).

[28] First Bank v. E.L.A., 164 DPR 835, 853 (2005).

propiedad incautada fuera del término establecido en la legislación de confiscaciones vigente al momento. En esa ocasión, no tan solo decretamos que el cumplimiento del término establecido en la ley para la notificación era mandatorio, sino que, además, concluimos que su incumplimiento acarreaba la nulidad del proceso.

Un año más tarde resolvimos Secretario de Justicia v. Tribunal Superior, 96 DPR 116 (1968) en la misma línea que el caso anterior. Curiosamente, en este caso la carta de notificación del dueño del vehículo de motor incautado fue devuelta al Estado por haber sido enviada a una dirección incorrecta. Ante ese escenario, y a pesar de que la parte demandante sí fue notificada correctamente y de que el dueño no formaba parte del pleito ni había impugnado la confiscación, optamos por decretar la nulidad del proceso confiscatorio basado en la falta de notificación a este último. Igual resultado de nulidad alcanzamos en Vázquez Fontanez v. Tribunal Superior, 102 DPR 396 (1974) y en Colón Medina v. Srio. de Hacienda, 109 DPR 540 (1980), casos en los que reiteramos que la falta de notificación a alguna de las partes con interés en la propiedad confiscada conllevaba la nulidad del proceso.

Con este marco legal como norte, procedemos a evaluar y resolver los méritos de la controversia ante nuestra consideración.

### III

En primer lugar, debemos enfatizar que en el presente caso no existe controversia sobre el hecho de que el Estado no notificó del proceso confiscatorio a la Sra. Sepúlveda, poseedora del vehículo de motor al momento de la confiscación.[29] Tampoco existe controversia sobre el hecho de que la señora Sepúlveda no forma parte en el caso, ni tampoco presentó impugnación alguna ante nuestros foros primarios. Sin embargo, esta falta de notificación a la señora Sepúlveda cobra pertinencia porque los demandantes y aquí peticionarios sustentan su demanda de impugnación de confiscación, precisamente, en que el Estado no notificó a la poseedora del vehículo, es decir, a una de las partes a la que la Ley Uniforme de Confiscaciones de 2011 ordena que se debe notificar.

Ante ello, ¿pueden los demandantes, quienes fueron notificados correctamente, reclamar la nulidad del proceso confiscatorio basado en la falta de notificación a otra parte que, si bien la Ley ordena que se le notifique, no forma parte en el pleito? De acuerdo al Tribunal de Apelaciones, los demandantes no pueden reclamar la nulidad del proceso basado en ese argumento, ya que éstos no asumieron la representación legal de la señora Sepúlveda, ni comparecieron en su representación, por lo que no lograron presentar un argumento que impugne la legalidad

---

[29] Véase, supra nota 6.

de la confiscación del vehículo realizada por el Estado. No tiene razón el foro recurrido.

Primeramente, la notificación de la confiscación es un requisito básico del debido proceso de ley que le permite a las partes con interés en la propiedad tomar conocimiento de la acción confiscatoria realizada por el Estado, de manera que tengan la oportunidad de acceder a los remedios judiciales que la legislación vigente provee. Al respecto, no hay duda de que incluir en la Ley Uniforme de Confiscaciones ese deber del Estado de notificar constituye un medio para concretizar ese derecho constitucional de un debido proceso de ley cuando se interviene con el interés propietario. Desde esa perspectiva, una violación a ese derecho indiscutiblemente debe ser levantada por quien así lo sufre.

Ahora bien, nótese que ese deber de notificación por parte del Estado para salvaguardar el derecho a un debido proceso de ley, no es uno que depende de su inclusión expresa en alguna legislación. Esto porque en la medida que el Estado intervenga con el interés propietario de un ciudadano, la propia cláusula del debido proceso de ley le impone un deber al Estado de notificarle a esa persona, independientemente de que alguna disposición estatutaria así lo disponga o no. Así las cosas, una vez la Asamblea Legislativa establece en la ley el deber del Estado de notificar – como, en efecto, ocurre en la Ley Uniforme de Confiscaciones de 2011 – tal requisito se convierte en una

*obligación* que el Estado simple y sencillamente tiene que cumplir.

Por lo tanto, contrario a lo expuesto por el Tribunal de Apelaciones, el planteamiento de falta de notificación por parte de los demandantes no se trata de reivindicar el debido proceso de ley que le asiste a la poseedora del vehículo. Por el contrario, se trata de plasmar un incumplimiento claro y patente por parte del Estado con uno de los requisitos claves que la propia ley exige para la legalidad, al menos inicial, de la confiscación.

En ese sentido, el requisito de notificación impuesto en la Ley Uniforme de Confiscaciones de 2011 *no* está atado a que la persona a ser notificada tenga algún interés en la propiedad ocupada. Al final del día, la ley no le brinda al Departamento de Justicia ese poder de evaluar quién tiene interés en la propiedad, de manera que deba ser notificado sobre la confiscación. Por el contrario, la ley es clara en cuanto a qué personas el Departamento de Justicia debe notificar y eso, en ninguna parte de la ley, está sujeto a una evaluación previa sobre si esas personas, desde la perspectiva del Ejecutivo, tienen o no interés en la propiedad. El Estado simple y sencillamente tiene que notificar a todas las personas que establece el Art. 13 de la Ley Uniforme de Confiscaciones de 2011, pues se trata de una *obligación* que establece la legislación y cuyo incumplimiento acarrea la nulidad del proceso. Esa nulidad puede ser traída ante la consideración del

tribunal por cualquier parte con legitimación activa para presentar una demanda de impugnación de confiscación.

**IV**

Por los fundamentos expresados, revocamos la Sentencia emitida por el Tribunal de Apelaciones, ordenamos la devolución de la propiedad confiscada y devolvemos el caso al Tribunal de Primera Instancia para el trámite correspondiente de forma compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.


Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Cooperativa de Seguros
Múltiples y Cooperativa de
Ahorro y Crédito de Yauco

*Certiorari*

Peticionarios

v.

CC-2014-0863

Estado Libre Asociado de
Puerto Rico

Recurrido

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de octubre de 2016.

Por los fundamentos expuestos en la Opinión que antecede, revocamos la Sentencia emitida por el Tribunal de Apelaciones, ordenamos la devolución de la propiedad confiscada y devolvemos el caso al Tribunal de Primera Instancia para el trámite correspondiente de forma compatible con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo