Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| COOPERATIVA DE AHORRO Y CRÉDITO JESÚS OBRERO<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO POR CONDUCTO DEL HONORABLE DOMINGO EMANUELLI HERNÁNDEZ, SECRETARIO DE JUSTICIA<br><br>Apelado | KLAN202400021 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Sobre: Impugnación de Confiscaciones (Ley Núm. 119-2011)<br><br>Caso Número: AG2023CV00281 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2024.

La parte apelante, Cooperativa de Ahorro y Crédito Jesús Obrero (Cooperativa), comparece ante nos para que dejemos sin efecto la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala de Aguadilla, el 30 de octubre de 2023. Mediante la misma, el foro primario desestimó una demanda sobre impugnación de confiscación promovida en contra del Estado Libre Asociado de Puerto Rico (Estado), bajo el fundamento de falta de legitimación activa de la parte apelante.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada.

**I**

El 28 de febrero de 2023, la Cooperativa apelante presentó la demanda de epígrafe. En la misma, impugnó la confiscación de un vehículo de motor, marca *Hyundai*, modelo *Accent*, del año 2022, con tablilla JWX-567, ocupado el 12 de enero de 2023 y propiedad

de la señora Dimarie Carmona Antonetti.  Específicamente, alegó ser el acreedor financiero garantizado del préstamo otorgado para la adquisición de la referida unidad, así como haber cumplido con las exigencias legales pertinentes para el registro de su acreencia en el Departamento de Transportación y Obras Públicas (DTOP).

La entidad apelante expuso en el pliego que la ocupación del automóvil en cuestión obedeció a una alegada infracción al Artículo 4.04 de la Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971, 24 LPRA sec. 2404, produciéndose su eventual confiscación el 30 de enero de 2023.  No obstante, reputó como nulo e ilegal la confiscación por parte del Estado, al afirmar que se incumplieron las exigencias procesales establecidas por la Ley Uniforme de Confiscaciones de 2011, Ley 119-2011, 34 LPRA sec. 1724 *et seq.,* relativas a la notificación a las partes interesadas dentro del término jurisdiccional de treinta (30) días desde la ocupación de la unidad.  A su vez, sostuvo que la evidencia en la cual se fundamentó la confiscación del vehículo de motor en disputa, se ocupó en violación a las garantías constitucionales. Del mismo modo, la Cooperativa planteó la inconstitucionalidad de la Ley 119-2011, *supra,* ello por considerar que la misma incidía sobre sus prerrogativas y los derechos adquiridos de todas las partes con interés. Igualmente, en su demanda, la parte apelante también se opuso al valor de tasación que se le adjudicó a la unidad objeto de litigio, a saber, $23,000.00.  Así, a tenor con todo lo antes expuesto, solicitó al Tribunal de Primera Instancia que ordenara la celebración de una vista para dirimir la razonabilidad del valor adjudicado, así como que declarar la nulidad de la confiscación en controversia.

El 31 de marzo de 2023, la Cooperativa presentó un escrito intitulado *Moción Consignando Fianza.* En el pliego, notificó el haber consignado en las arcas del tribunal la fianza núm. 26129, por una

suma de $23,000.00, cantidad equivalente al valor de tasación adjudicado al vehículo de motor confiscado.

El 5 de abril de 2023, el Estado presentó su *Contestación a Demanda*. En lo atinente, planteó la presunción de legalidad y corrección de la confiscación en litigio. A su vez, entre sus defensas, expuso que, de conformidad con las disposiciones de la Ley 119-2011, *supra*, la Cooperativa apelante estaba llamada a establecer, mediante la celebración de una vista, su legitimación activa para invocar los remedios solicitados en su demanda. A su vez, el Estado afirmó que, contrario a las exigencias establecidas en el referido estatuto, la entidad compareciente no había demostrado ser titular de la unidad confiscada, así como, tampoco, ostentar un interés legítimo sobre la misma. Así, y reafirmándose en que la Cooperativa carecía de legitimación activa, el Estado solicitó la desestimación de la demanda de epígrafe.

Así las cosas, el 14 de abril de 2023, el Tribunal de Primera Instancia emitió una *Resolución,* ello con relación a la consignación de la fianza por parte de la Cooperativa. Al respecto, admitió la misma y, de conformidad con lo dispuesto en la Ley 119-2011, *supra*, ordenó la devolución de la unidad vehicular en litigio. En igual fecha, el Tribunal de Primera Instancia calendarizó la celebración de una vista de legitimación activa para el 25 de abril de dicho año. Días después, el 20 de abril de 2023, la Cooperativa presentó una *Moción Sometiendo Evidencia sobre Legitimación Activa.* En esta ocasión, a los efectos de establecer su interés propietario sobre el vehículo de motor confiscado, acompañó su comparecencia con los siguientes documentos: 1) *Contrato de Venta al Pormenor a Plazos* suscrito entre ella y la señora Carmona Antonnetti el 16 de diciembre de 2022 para la adquisición y el financiamiento del automóvil confiscado; 2) copia de la factura del concesionario de ventas de vehículo de motor Certified Auto Sales

(CAS), con fecha 25 de noviembre de 2022, acreditando la venta de la unidad en controversia por una suma de $27,995.00; 3) copia de carta sobre notificación de confiscación con fecha del 16 de febrero de 2023, suscrita por la Junta de Confiscaciones, expresamente dirigida a la Cooperativa; 4) copia de Certificación del DTOP, emitida el 6 de marzo de 2023, del vehículo confiscado, en la que se hizo constar que el mismo tenía un gravamen de confiscación y otro de venta condicional debidamente registrado, previo a la ocupación de la unidad, a favor de la parte apelante y; 5) copia de una póliza personal de automóvil, número PAP-5548004, expedida favor de la señora Carmona Antonnetti, con endoso por riesgo de confiscación a favor de la Cooperativa. De igual modo, y en apoyo a su contención, la entidad apelante informó sobre sus gestiones para obtener copia del *Certificado de Título* de la unidad en controversia por parte del DTOP, con la debida constancia del gravamen mobiliario sobre venta condicional suscrito a su favor.

El 25 de abril de 2023, día el que estaba supuesta la celebración de la vista de legitimación activa, la Cooperativa presentó una *Moción Solicitando Término Adicional para Presentar Evidencia Adicional sobre Legitimación Activa.* A tal efecto, nuevamente aludió al hecho de que solicitó al DTOP la expedición del *Certificado de Título* antes indicado, así como copia de la solicitud de presentación de gravamen mobiliario, ello para fines de conocer con exactitud la fecha de radicación de la misma, y de aceptación por parte del referido organismo. No obstante, la Cooperativa indicó que, pese a sus esfuerzos, el DTOP no había dispuesto de sus requerimientos, hecho que incidía sobre la controversia objeto de la celebración de la vista. Específicamente, planteó que, en el caso de autos, resultaba preciso determinar cuándo se entiende que un acreedor financiero ostenta un derecho propietario real sobre la unidad vehicular confiscada objeto de garantía de su préstamo y

añadió que, para ello, resultaba necesario determinar si la fecha en la que el acreedor financiero cumplió con el proceso de registro del gravamen en la agencia era anterior a la ocupación del vehículo. Bajo dicha premisa, solicitó al Tribunal de Primera Instancia que le extendiera un término de treinta (30) días para continuar gestionando que el DTOP le expidiera el certificado en disputa, y, en consecuencia, que recalendarizara la celebración de la vista. Conforme surge de la *Minuta* correspondiente, el Tribunal de Primera Instancia proveyó para lo peticionado. La vista se pautó para el 11 de julio de 2023.

Llegado el día, se dio inicio a la vista de legitimación activa. Sin embargo, de la *Minuta* se desprende que la Cooperativa apelante indicó no haber podido presentar el *Certificado de Título* en disputa, toda vez que, pese a sus múltiples gestiones, el DTOP no lo había expedido. Así, toda vez ello, solicitó al tribunal un término adicional para poder cumplir de conformidad. Ante dicha petición, el Estado planteó que la parte apelante tampoco había sometido el formulario DTOP 770, como evidencia de la presentación del gravamen de venta condicional, ello en sustitución del *Certificado de Título.* De este modo, a tenor con ello, el foro primario concedió a la Cooperativa apelante un plazo de diez (10) días para presentar el referido formulario. El Tribunal de Primera Instancia citó a las partes para la celebración de la vista en controversia el 5 de septiembre de 2023.

Transcurrido el término antes indicado, sin que la Cooperativa apelante actuara de conformidad con el mandato correspondiente, mediante *Resolución* del 1 de septiembre de 2023, el Tribunal de Primera Instancia le extendió un plazo perentorio adicional para que cumpliera con lo dispuesto. En respuesta, el 5 de septiembre siguiente, la Cooperativa presentó un escrito intitulado *Moción Urgente Solicitando se Deje sin Efecto Señalamiento.* En lo atinente, indicó que, dado a que el traspaso de titularidad del vehículo de

motor en controversia se efectuó a través de un gestor, se encontraba tramitando con este la entrega de todos los documentos inherentes a la referida transacción. Mediante *Orden* notificada el 6 de septiembre de 2023, el Tribunal de Primera Instancia reseñaló la celebración de la vista de legitimación activa para el 17 de octubre de 2023.

El 8 de septiembre de 2023, la entidad apelante presentó una *Moción en Torno al Cumplimiento de Orden y Reiterando Legitimación Activa.* En el pliego, hizo un recuento de todas las gestiones realizadas a los fines de establecer su capacidad para promover el pleito de autos. En particular, nuevamente indicó que la ocupación del vehículo de motor en litigio aconteció el 12 de enero de 2023. Sobre tal particular, también reprodujo su previo argumento en cuanto a que, con fecha del 16 de febrero de 2023, recibida el día 23 de dicho mes y año, la Junta de Confiscaciones le remitió una carta notificándole el hecho de la confiscación de la unidad, lo que se tradujo en la presentación de la demanda de impugnación de epígrafe, todo a tenor con lo dispuesto en la Ley 119-2011, *supra.* La Cooperativa expuso que, en la vista de legitimación activa, presentó una serie de documentos que, a su juicio, acreditaron su interés propietario sobre el vehículo de motor en controversia. Destacó que, si bien, durante el proceso, no puso someter copia de *Certificado de Titularidad* de la unidad, ello se debió a que el DTOP se negó a la expedición correspondiente, por razón de que la unidad en disputa estaba sujeta a un gravamen de confiscación. De igual modo, expresó al tribunal su inhabilidad de producir el formulario DTOP 770, tal cual requerido mediante la *Resolución* del 1 de septiembre de 2023, al aducir que sus gestiones tampoco fueron eficaces. La Cooperativa apelante afirmó, que, dado a todos sus inconvenientes para obtener la documentación en disputa, resultaba necesario compeler directamente al DTOP para que

produjera la evidencia correspondiente a la certificación del gravamen de venta condicional a su favor. Así, al amparo de ello, solicitó al Tribunal de Primera Instancia que, mediante orden judicial, instruyera al DTOP a divulgar todas las transacciones relacionadas al vehículo de motor aquí concernido desde la fecha de su venta, a saber, el 25 de noviembre de 2022, hasta el presente.

No obstante lo anterior, en su comparecencia, la Cooperativa apelante afirmó que no resultaba imprescindible la presentación del *Certificado de Título* y del formulario de DTOP 770, a los fines de establecer su legitimación activa. Sostuvo que los documentos que proveyó eran suficientes para acreditar su interés propietario sobre la unidad confiscada y su capacidad legal para incoar el pleito de autos. En específico, invocó las disposiciones vigentes del Artículo 15 de la Ley 119-2011, *supra*, y planteó que, a tenor con las mismas, el estado de derecho reconocía dos tipos de reclamantes que, *prima facie*, ostentan legitimación para impugnar una confiscación: las personas notificadas de la confiscación conforme al propio estatuto y aquellos que demuestren ser dueños de la propiedad confiscada. Sobre esta última clasificación, indicó que el referido Artículo clasifica como tal a toda persona que demuestre tener un interés propietario en el bien incautado, incluyendo a quien pruebe *poseer* un gravamen sobre el mismo a la fecha de la ocupación. Al respecto, expresó que la mera posesión del gravamen era suficiente, ello con independencia de que el mismo estuviera formalmente registrado en el DTOP, tal cual lo planteado por el Estado. Al amparo de tales argumentos, la Cooperativa afirmó que, desde el momento en el que suscribió el *Contrato de Venta al Por Menor a Plazos* con la señora Carmona Antonnetti y el acuerdo sobre gravamen mobiliario previo al acto de ocupación de la unidad, adquirió un interés propietario suficiente que validaba su legitimación activa. De este modo, solicitó al Tribunal de Primera Instancia que adjudicara el valor probatorio

de la prueba documental que presentó y, de conformidad con la misma, declarara su legitimación activa como demandante. En la alternativa, la entidad peticionó que se emitiera una orden judicial dirigida al DTOP, a los fines de que divulgara el historial de transacciones relacionadas al vehículo de motor en controversia en los términos antes expuestos.

Mediante *Resolución* del 19 de septiembre de 2023, notificada el 27 del mismo mes y año, el Tribunal de Primera Instancia ordenó al DTOP a divulgar el historial de transacciones realizadas en el expediente del vehículo objeto de la presente causa, por el periodo comprendido entre el 25 de noviembre de 2022 al 18 de septiembre de 2023.

Por su parte, el 6 de octubre de 2023, el Estado presentó una *Moción en Cumplimiento de Orden.* En la misma, aludió a las disposiciones de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), y afirmó que la Cooperativa apelante carecía de remedio legal alguno a su favor. En apoyo a su postura, indicó que el Artículo 15 de la Ley 119-2011, *supra*, expresamente definía el concepto de la persona a considerarse *dueño* de una propiedad confiscada. Añadió que, la Exposición de Motivos de la Ley 262-2012, estatuto que enmendó, en parte, el referido Artículo, aclaró que, en acciones sobre impugnación de confiscación, "cuando un demandante es el acreedor condicional [...], para ser considerado como dueño, deberá  poseer un gravamen de venta condicional debidamente inscrito al momento de la ocupación".[1] A tenor con ello, afirmó que, contrario a lo aducido por la Cooperativa apelante, los documentos por esta sometidos no resultaban suficientes para considerarla dentro de la definición legal de *dueño*. Para sostener su postura, invocó los términos del Reglamento para la Imposición y

---

[1] Véase; Apéndice, Anejo XVII, *Moción en Cumplimiento de Orden,* pág. 83.

Cancelación de Gravámenes Bajo la Ley 22 de Vehículos y Tránsito de Puerto Rico del DTOP, Reglamento Núm. 7357 de 14 de mayo de 2007[2], así como los de la Ley de Transacciones Comerciales, Ley 208-1995, 19 LPRA sec. 401 *et seq.* Planteó que las referidas compilaciones legales exigían la inscripción formal de todo gravamen sobre un vehículo de motor en el Registro de Vehículos del DTOP, ello a fin de que el mismo se intimara como perfeccionado. De este modo, el Estado solicitó a Tribunal de Primera Instancia que llevara a cabo la celebración de la vista de legitimación activa, a los fines de que la entidad apelante evidenciara la debida inscripción del gravamen que reclamó.

Así las cosas, el 14 de octubre de 2023, la Cooperativa presentó una *Moción en Cumplimiento de Orden*. En la misma, nuevamente destacó que la Junta de Confiscaciones le notificó el hecho de la confiscación en litigio, ello en calidad de acreedor condicional, dado a que, para la fecha de la ocupación de la unidad en litigio, tenía un contrato de financiamiento inscrito. Añadió, a su vez, que de los archivos del DTOP surgía la existencia de un gravamen de venta condicional a su favor, lo que implicaba que, necesariamente, el contrato de venta condicional del vehículo confiscado debía constar registrado, puesto que, de lo contrario, la Junta de Confiscaciones nunca le hubiera notificado la confiscación en controversia. Al respecto, la Cooperativa aludió a la letra del Artículo 6 del Reglamento de la Junta de Confiscación para el Recibo, Conservación y Disposición de los Vehículos de Motor, Embarcaciones, Aviones y otros Medios de Trasportación del Departamento de Justicia, Reglamento Núm. 8102 de 4 de noviembre de 2011, ello al exponer la información que, a tenor con

---

[2] Advertimos que, del sistema oficial de búsqueda de reglamentos del Departamento de Estado de Puerto Rico, surge que el Reglamento Núm. 7357, invocado por el Estado en apoyo a sus argumentos, se anuló mediante dictamen judicial del 26 de agosto de 2011.

sus disposiciones, debe ser entregada a la Junta de Confiscaciones en casos de confiscaciones de vehículos de motor. En lo pertinente, indicó que, entre la información requerida, figuraba la evidencia de todos los gravámenes inscritos en el Registro de Vehículos del DTOP a los cuales la unidad se encontrare afecta.

El 17 de octubre de 2023, comenzó la vista de legitimación activa. De la *Minuta* se desprende que, durante la audiencia, la Cooperativa ofreció el testimonio de la señora Ana Santiago González, funcionaria de la entidad. En su declaración, hizo referencia al documento DTOP-234, en el cual expresamente se hizo constar que el vehículo objeto de la confiscación concernida, tenía un gravamen mobiliario por venta condicional a favor de la Cooperativa. Ahora bien, mediante su declaración, la señora Santiago González, dejó establecido no poseer copia del formulario DTOP-770 ni del *Certificado de Titularidad* de la unidad, los cuales deben ser expedidos por el DTOP.

El 30 de octubre de 2023, el Tribunal de Primera Instancia notificó la *Sentencia* que nos ocupa. Mediante la misma, acogió la postura del Estado y concluyó que, de conformidad con lo estatuido en la Ley 119-2011, *supra,* todo acreedor condicional, para ser considerado como *dueño* en casos de impugnación de confiscación, debe demostrar que posee un gravamen debidamente inscrito al momento del acto de la ocupación del vehículo de motor involucrado. A tenor con ello, dispuso que el *Contrato de Venta al Por Menor a Plazos* ofrecido por la Cooperativa, únicamente establecía una obligación privada entre las partes contratantes y no un gravamen sobre la propiedad objeto del pacto. Añadió que, tal cual indicado por el Estado, un gravamen mobiliario sobre un vehículo de motor es de carácter constitutivo, por lo que su eficacia radicaba en su inscripción en el Registro de Vehículos del DTOP. De esta forma, el foro *a quo* determinó que la Cooperativa no proveyó

evidencia fehaciente de la existencia de un gravamen perfeccionado a su favor, incumpliendo con establecer la existencia de un interés propietario que permitiera considerársele como dueño. Así, desestimó la demanda de epígrafe, al resolver que la entidad no tenía legitimación activa para presentar la causa de acción.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 8 de enero de 2024, la Cooperativa apelante compareció ante nos mediante el presente recurso de apelación. En el mismo, formula el siguiente planteamiento:

> Erró el TPI al desestimar la demanda bajo el fundamento de que la parte demandante-apelante carece de legitimación activa para incoar y permanecer en la demanda de impugnación de confiscación de epígrafe.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## II

### A

Sabido es que los tribunales solo pueden resolver casos y controversias justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011). El principio de la justiciabilidad gobierna el ejercicio de la función revisora de los tribunales y, consecuentemente, el alcance de su jurisdicción. Conforme al mismo, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 279-280 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 583-584 (1958).

Como elemento esencial para la adjudicación de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de examinar si la parte que acude a su auxilio

ostenta legitimación activa para actuar de conformidad. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738-739 (2022); *Hernández Torres v. Gobernador*, 129 DPR 824, 835 (1992). Esta figura se define como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Íd.*, citando a *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, supra, pág. 69. El propósito de la legitimación activa es que el tribunal se asegure de que la parte reclamante tiene un interés genuino, va a perseguir su causa vigorosamente y que todos los asuntos pertinentes serán presentados ante la consideración del juzgador. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163, 178-179 (2022). Así, la parte que solicita un remedio judicial debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una conexión entre el daño y la causa de acción ejercitada, y (4) la causa de acción surge al palio de la Constitución. *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 739.

**B**

Conforme establece nuestro estado de derecho, la *confiscación* se define como el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre bienes que hayan sido utilizados en la comisión de ciertos delitos. *Universal Ins. y otro. v. ELA y otros*, 211 DPR 455, 463 (2023); *Reliable Financial v. ELA*, 197 DPR 289 (2017); *Centeno Rodríguez v. ELA*, 170 DPR 907,912-913 (2007). Toda vez las severas implicaciones que dicho mecanismo conlleva, se entiende que el mismo constituye una privación de la propiedad que debe cumplir con las garantías mínimas del debido proceso de ley. *Reliable v. Depto. Justicia y ELA*, 195 DPR 917, 924-925 (2016). Por igual, se perfila como una excepción a la norma constitucional

que prohíbe que el Estado tome propiedad privada para fines públicos, sin que medie una justa compensación. *Coop. Seg. Múlt. v. E.L.A.*, 180 DPR 655, 662-663 (2011). La facultad gubernamental de apropiarse de bienes relacionados a una actividad ilícita, es un procedimiento de carácter estatutario que opera a modo de sanción adicional a la impuesta por razón de la conducta punible que la motiva. *Íd.*; *MAPFRE v. ELA*, 188 DPR 517, 525 (2013).

La Ley Uniforme de Confiscaciones de 2011, Ley Núm. 119-2011, según enmendada, 34 LPRA sec. 1724 *et seq.*, constituye el esquema jurídico que regula el proceso de confiscación por parte del Gobierno en nuestra jurisdicción. *Coop. Seg. Múlt. et als. v. ELA et al.*, 209 DPR 796, 805 (2022); *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 930 (2021). Mediante la misma, se insertó en nuestro esquema legal la política pública de facilitar el proceso de confiscación de bienes muebles e inmuebles, así como de velar por los derechos y reclamos de las personas afectadas por una confiscación. 34 LPRA sec. 1724.

"Ante esta intervención del Estado con la propiedad de los ciudadanos y el derecho constitucional que les asiste a no ser privados de sus bienes sin un debido proceso de ley, la legislación vigente contiene una serie de disposiciones dirigidas a garantizar que aquellas personas con interés en la propiedad confiscada puedan impugnar en los tribunales el proceso de confiscación mediante una demanda civil". *CSMPR et al. v. ELA*, 196 DPR 639, 645 (2016). Al amparo de dicha premisa, la Ley 119-2011, *supra*, precisa a quiénes el Estado tiene la obligación de notificar la confiscación de que trate, así como el valor de tasación de la propiedad, todo en aras de salvaguardar los derechos constitucionales de las personas con interés legal sobre los bienes confiscados. Así, el Artículo 13 de la Ley 119-2011, *supra*, dispone como sigue:

> El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:
>
> a) a la persona que tuviere la posesión física del bien al momento de la ocupación;
>
> b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;
>
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al **acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito**;

[…]. 34 LPRA sec. 1724j. (Énfasis nuestro.)

De otra parte, el ordenamiento jurídico reconoce que la Ley 119-2011, *supra*, "no es sinónima de extender una carta abierta para que toda persona con algún interés en la propiedad confiscada pueda presentar una demanda". Véase, Exposición de Motivos, Ley 119-2011, *supra*. Bajo dicho entendido, el precepto en cuestión define los criterios a cumplirse para poder entablar una demanda sobre impugnación de confiscación.  Siendo así, en lo aquí pertinente, su Artículo 15, reza como sigue:

[…]

> Presentada la contestación a la demanda, el Tribunal ordenará una vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito.
>
> Para fines de esta Ley **se considerará "dueño" de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada**, o una cesión válida de tal interés propietario.
>
> 34 LPRA sec. 1724l.  (Énfasis nuestro.)

## III

En la presente causa, la Cooperativa apelante alega que el Tribunal de Primera Instancia erró al desestimar la causa de acción de epígrafe, bajo el fundamento de que carece de legitimación activa para promover la misma. En esencia, sostiene que su interés propietario quedó establecido mediante la prueba documental que presentó, toda vez que la misma acreditó que es el acreedor de un gravamen de venta condicional sobre la unidad confiscada, a la luz de lo dispuesto en la Ley 119-2011, *supra*. Habiendo examinado el referido planteamiento a la luz de la prueba y del derecho aplicable, revocamos la *Sentencia* apelada.

Un examen del expediente de autos, mueve nuestro criterio a resolver que el Tribunal de Primera Instancia erró en la interpretación y aplicación de la norma que dispone de la controversia de autos. A nuestro juicio, los argumentos de la parte apelante están debidamente sustentados, por lo que corresponde sostener la postura de que posee legitimación activa para promover la demanda de impugnación de confiscación de epígrafe.

De los documentos que nos ocupan, surge que, mediante *Contrato de Compraventa al Por Menor a Plazos*, con fecha de 16 de diciembre de 2023, la entidad compareciente se obligó en calidad de acreedor financiero de la adquisición del vehículo de motor objeto de la confiscación impugnada. Posteriormente, por razones vinculadas a la alegada comisión de un acto delictivo, la unidad fue ocupada el 12 de enero de 2023. Así, el 16 de febrero de 2023, la Junta de Confiscaciones, notificó a la Cooperativa apelante el hecho de la confiscación oficial del vehículo, acontecida, la misma, el 12 de enero de 2023. En el pliego, expresamente se hizo constar que la notificación se efectuaba a la luz los términos de la Ley 119-2011, *supra*, hecho que, permite deducir que la propia Junta de Confiscaciones contó con criterio suficiente para intimar que la

Cooperativa apelante poseía un interés propietario real sobre la unidad en disputa.

En cuanto a este particular, destacamos que el Artículo 13 de la Ley 19-2011, *supra*, enumera las personas a quienes la Junta de Confiscaciones viene llamada a notificar el hecho de la confiscación de un vehículo de motor, entre quienes figura el "acreedor condicional que, a la fecha de la ocupación, tenga su contrato registrado". La ejecución de dicha facultad necesariamente implica que la Junta de Confiscaciones la ejerza a la luz de toda la información que reciba por parte de las entidades relacionadas. En este sentido, el Artículo 6(H) del Reglamento 8102 de la Junta de Confiscaciones, *supra*, indica que, para emitir la notificación correspondiente, la Junta debe contar con, entre otros datos, evidencia de "todos los gravámenes inscritos, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Púbicas".

En el presente caso, no existe controversia sobre la inscripción registro de la acreencia reclamada por la Cooperativa apelante. Los documentos de autos revelan que dicha gestión se procuró y, como evidente resultado de la misma, la entidad compareciente fue notificada de la confiscación en litigio por parte de la Junta de Confiscaciones. De hecho, en este contexto, se hace menester destacar que la Cooperativa apelante es enfática al sostener que, en múltiples ocasiones, solicitó al DTOP la expedición de la certificación del registro en cuestión. Sin embargo, el DTOP no actuó de conformidad con su petitorio, a pesar de haber mediado un requerimiento del tribunal. Por tanto, no podemos imputar a la Cooperativa apelante una falta que el propio Estado, por conducto de esta agencia, cometió.

Enfatizamos que, entre los documentos presentados y estipulados, figura una certificación emitida por el DTOP, con fecha

del 6 de marzo de 2023, en la que expresamente se consignó que el vehículo de motor en controversia estaba sujeto a un gravamen condicional a su favor. El propio Estado reconoce la efectiva existencia del derecho reclamado por la parte apelante, a quien, en el referido pliego, distingue como la persona que financió la adquisición de la unidad. Esta incidencia consolida aún más la firme postura de que la Cooperativa apelante ostenta un interés propietario suficiente y debidamente reconocido que permite que se le califique como *dueño*, a la luz de lo dispuesto en el Artículo 15 de la Ley 119-2011, *supra*. Además, tal cual la entidad nos propone, el perfeccionamiento del gravamen mobiliario aquí en disputa no supedita la validez de la acreencia que esta percibió desde suscrito el contrato de venta condicional. Por tanto, dado todo lo antes expuesto, forzoso es concluir que, en estricto derecho, la Cooperativa apelante ostenta legitimación activa para promover la causa de epígrafe.

En mérito de lo antes expuesto, dejamos sin efecto la determinación apelada. La prueba de autos demostró que la Cooperativa apelante ostenta un interés propietario sobre el vehículo de motor en controversia, derivado de la existencia de un gravamen de venta condicional reconocido por el DTOP y por la Junta de Confiscaciones. Siendo así, colegimos que el Tribunal de Primera Instancia incidió en su apreciación de la prueba y en la interpretación y aplicación de los términos de la Ley 119-2011, *supra*.

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones